LINDSAY DUNN, plaintiff in error, *vs.* THE STATE OF GEOR-
GIA, defendant in error.

1. The identity of the defendant and the intent with which he makes the assault, when charged with an assault with intent to rape, are questions for the jury, and no complaint being made of any error in the charge of the court, or in the admission or rejection of evidence, and a new trial having been refused by the presiding judge, this court will not interfere.

2. Newly discovered evidence which ought not to have changed the verdict if in at the trial, and which might have been procured with diligence, and which counsel do not swear that they did not know at the trial, will not authorize a court to set aside a verdict and grant a new trial.

Criminal law.    Rape.    New trial.    Before Judge UNDER-
WOOD.    Floyd Superior Court.    July Term, 1875.

Reported in the opinion.

WRIGHT & FEATHERSTON; FORSYTH & REESE, by R. T.
FOUCHE, for plaintiff in error.

C. F. CLEMENTS, solicitor general, for the state.

JACKSON, Judge.

The defendant was convicted of the offense charged, and moved for a new trial on the ground that the verdict was against the law and the evidence, and not sufficient to produce that certainty of mind necessary for legal conviction of crime, and on the further ground of newly discovered testimony. The court overruled the motion, and error is assigned here on these grounds, which alone are insisted upon.

1. A school-girl on the road home from school was rudely assailed by a young man whom she never saw. He seized her arms and tried to force her into the woods. She screamed repeatedly, and after some five or ten minutes he let her go, about the time that a Mrs. King, who seems to have lived in the neighborhood, could have reached the place, according to the girl's evidence. On her arrival at home she told her mother in great excitement, and on his return, her father also. She could not identify the man, but others show that the defendant must have been the person, from circumstances related

by them which point clearly to him. The questions of his identity, and of the intent of this rude assault upon this school-girl, are questions for the jury. They were satisfied; the court below who tried the case was satisfied; and there being enough evidence to sustain the finding of the jury, and the act of the court in sustaining that finding, we will not, as we have often ruled, interfere in the case on this ground of the motion.

2. The other is very weak. The counsel do not swear that they did not know of the existence of the newly discovered evidence at the trial. It is doubtful (nay, it is almost certain that it would not do so,) that it would alter the verdict. One witness swears to some slight difference between the girl's evidence on the committing trial and the jury trial, and that he had not informed defendant of it. Another, that there was no appearance of a scuffle on the road; another, that the girl's mother was off at her house, a half mile from her home when the difficulty occurred, while at the trial she swore her daughter told her the circumstance shortly after she got home. The whole of it might have been obtained with diligence, and if obtained would have been of little value. We cannot interfere to grant a new trial on such a ground so supported. Perhaps it would have been better not to have inflicted so severe a sentence, when possibly the young man intended only persuasion, and in taking hold of the young lady, intended only gently to lay hold of her—"*molliter manus imponere.*" Yet a female on the highway, particularly a school-girl in her teens, should be as safe on that highway of the state as by the fireside of her father; and should be assured of safety in the fact that the law, an invisible but all jealous and watchful guardian, ever walked on that highway by her side, and with power equal to the arm of her father at her home, would shield her from danger, or vindicate her when wronged. Robed in virgin purity, her person is sacred in the eyes of this jealous guardian; let the rude hand of no stranger touch it, either to ravish or to seduce.

. Judgment affirmed.