## 5433.  WILLIAMS *v.* THE STATE.

1. The intent of the accused was the controlling factor in the issue of fact presented to the jury, and there was proof of circumstances sufficient to authorize the jury to conclude that he made an assault with the intent to have some kind of sexual connection with the female upon whom it was allged the assault was committed.

2. The instruction to the jury that a man who in lust lays his hand upon a girl under the age of ten years, with the intent and purpose of having carnal knowledge of her, and who attempts to do so, commits the offense of assault with intent to rape, if he fails to complete the act, was not error, and was applicable in this case. The phrase "lays his hand upon a girl," as used therein, may include any unlawful physical contact; and there was evidence of such contact by the accused with the body of the girl, though her sexual organ had not been entered.. The accused was not harmed by this instruction, especially in view of the fact that the jury were further charged that if they believed that he laid his hands upon the girl in a lustful way, but without intent to attempt sexual intercourse with her, he would be guilty only of assault and battery.

3. The venue may be established by proof that the alleged crime was committed in a certain house on a named street, in a designated city, shown to be in the county in which the court is being held.

4. On the trial of one charged with rape, or assault with intent to rape, proof of the fact that the female made complaint is received merely for the purpose of rebutting the theory that she consented to the sexual act; and the particulars of the complaint can not be given in evidence. But this rule does not apply to statements made by the female in the presence and hearing of the defendant and so immediately proximate to the fact under investigation as properly to be included within the res gestæ of the alleged offense.

5. Since both the offense of assault and the offense of rape are clearly defined by law, a specific code definition of the offense of assault with intent to commit rape is not necessary; and the absence of such a definition in no wise affects the conviction or punishment of one who attempts to commit the specific violent injury of rape upon the person of a female.

6. When it is questionable whether the identity of a certain object or substance which is under investigation is a matter of knowledge or merely of opinion, the question should be submitted to the jury for solution.

7. The evidence of the defendant's guilt of assault with intent to rape is not altogether satisfactory to this court, but the trial was free from errors of law, and the verdict, supported by some evidence and approved by the trial judge, will not be set aside.

DECIDED APRIL 30, 1914.  REHEARING GRANTED JULY 27, 1914.  JUDGMENT ADHERED TO, OCTOBER 1, 1914.

Conviction of assault with intent to rape; from Lowndes superior court—Judge Thomas.  January 1, 1914.

*Franklin & Langdale,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

RUSSELL, C. J. 1. The accused was convicted of the offense of assault with intent to rape. Personally we would have been better satisfied with the verdict if he had been found guilty only of assault and battery, for, so far as the circumstances in evidence disclose, he made no effort to effect an entrance into the sexual organ of the little girl, although (if the testimony in behalf of the State is credible) the offense committed by him was most loathsome and dastardly. Not only the physician who examined the child, and who was introduced in behalf of the defendant, but also the child's grandmother, who was the main witness for the State, testified that the condition of the private organ was perfectly normal. The commission of such an offense as the evidence discloses is to us almost incredible, but with this we have no concern, because the jury were convinced that the testimony was true and that an assault of the nature indicated by the evidence was in fact committed. The only question, therefore, upon which we are called to pass, so far as the testimony is concerned, is whether the evidence was sufficient to authorize the verdict of assault with intent to rape. The child was a mere infant, being only a little over four years of age, and, of course, she could not give consent. Being under ten years of age, a verdict of assault with intent to rape would clearly be authorized if sufficient evidence was adduced to authorize the conclusion that it was the defendant's purpose to attempt to have sexual intercourse with her; and it is not necessary to show that the accused in fact went so far as to attempt physical entrance, or even so much as touched the private organ of the female assaulted; and the doubt in this case springs not so much out of proof of the absence of an actual attempt to enter the sexual organ of the alleged injured female, as from evidence which seems to indicate that the intention of the accused was not to have sexual intercourse at all, but rather to use the body of the child in an abnormal manner as a means of exciting his own passion; for while the sexual organ of the child was untouched, according to the testimony for the State, the child's body and clothing exhibited such signs as demonstrated the completion of sexual excitement. There can be no doubt that the evidence authorized the conviction of the accused of an assault and battery, the horrible and disgusting details of which aggravated the enormity of the offense; but the jury could not merely for that reason legally convict the accused of assault with intent to rape.

A conviction of assault with intent to rape will not stand unless the evidence plainly discloses that the assault was made with intent to have sexual connection forcibly and against the will of the female involved. Where the female is under ten years of age, it will be presumed that the commerce, or an intent to engage therein, was forcible and against her will. And so the only real question in this case is whether the accused intended to attempt sexual connection. If he did, the crime of rape would have been committed by very slight penetration, and even though the sexual act had not been completed by an emission; but, on the other hand, unless it clearly appears that the intent of the accused was to have sexual intercourse, he could not lawfully be convicted of assault with intent to rape, no matter how aggravated the character of the assault and battery, which is an inseparable ingredient of rape. The case at bar turns on this point; and after a careful review of the evidence, we are satisfied that the jury, having found that an assault was committed, were authorized by certain circumstances in proof to find that it was the intention of the accused, at least at the time he carried the child out of the house (which was itself an assault, if he entertained at that time the intention with which he was charged), to attempt to enter her private organ. The jury, who are the doctors in all cases of doubt, probably concluded that excess of passion prematurely deprived the accused of the power or the desire to perform the carnal act in the manner he originally intended, and yet entertained no doubt that it was with this intent that he unlawfully carried the child from the porch and under the house. The proof would be sufficient to authorize conviction if the jury were satisfied, from all the evidence, that the accused picked the child up and carried her under the house with this intention. We are not prepared to hold that the circumstances in proof were insufficient to make clear the intention, for the specific intention might have been satisfactorily shown even had no ocular demonstration been offered by the physical condition of the child. In other words, if the accused, in taking the child under the house, had admitted his purpose, but had been interrupted before he could lay her upon the ground, he might none the less be legally convicted of the offense of assault with intent to rape, if the admission to which we have referred were corroborated by other circumstances in the case.

2. There is no merit in the exception to the charge of the court, in which complaint is made of the court's expression "lays his hand upon a girl," upon the ground that the instruction was an intimation of opinion as to what had been proved, or upon the ground that there was no evidence that the defendant had ever laid his hands on her. It is very evident that the learned trial judge used this expression in the appropriate general legal sense; and it has always been held that the term employed by the court includes any unlawful physical contact. It is well settled that merely to lay the weight of one's hand upon another in anger, or to touch, from any improper motive, a person who does not consent thereto, is an assault and battery. The charge correctly states the law: "A man who in lust lays his hand upon a girl under the age of ten years, with the intent and purpose to have carnal knowledge of such person, and attempts to do so, commits the offense of assault with intent to commit rape if he fails to complete the act." The instruction was applicable to the testimony in proof, to the effect that the female's private parts had not been entered.

The charge of the court to the effect that if the jury believed that the defendant laid his hands upon the child in a lustful way, but without the intent to attempt sexual intercourse with her, he would only be guilty of assault and battery, is perhaps subject to verbal criticism, but not in any view was the language calculated to prevent the jury from plainly apprehending the principle announced.

3. The venue was sufficiently established by proof of the fact that a certain house was on a certain street, in the city of Valdosta, which was proved to be in Lowndes county, in which the accused was indicted and was being tried, and that the offense, if committed at all, was committed at the house designated.

4. Complaint is made of the failure of the court to rule out the contents of a statement made by the child alleged to have been assaulted; the objection being based upon the ground that the testimony as to this statement was hearsay. The rule is well settled that on the trial of one charged with the offense of rape, or assault with intent to rape, testimony as to the fact that the female alleged to have been assaulted made complaint may be received, merely for the purpose of rebutting the idea that the female consented to the criminal act; and it is equally well settled that the particulars of the complaint can not be given in evidence so as to disclose the

contents of the statement. *Stephen* v. *State,* 11 *Ga.* 225; *Lowe* v. *State,* 97 *Ga.* 792 (25 S. E. 676) ; *Davis* v. *State,* 120 *Ga.* 433 (48 S. E. 180). The rule laid down in these cases, however, is not in any wise in conflict with the general rule, applicable in all cases, sanctioning the admission of statements made at the time of the commission of the alleged offense or so closely connected therewith as to exclude all idea of deliberation or afterthought, embraced under the generic appellation of "res gestæ." For this reason we think the court correctly admitted the statement of the four-year old child in the present instance. According to the testimony, the statement was made immediately as the accused and the little girl came from under the house where the offense was detected, before its complete consummation, and the accused was present and heard the question which elicited the child's statement, and had an opportunity of denying it and did deny it on the spot. The statement in the present case was certainly so proximate in time and place with the actual perpetration of the offense that the judge was fully authorized to treat it as part of the res gestæ; and he certifies that it was upon this theory that he refused to repel the testimony.

5. Exception is taken on the ground that the law of the State of Georgia does not define an assault with intent to commit rape, and, therefore, does not make such an offense a crime. There is no merit in this contention. As a matter of fact there are other offenses as to which, where an attempt to commit the offense is not fully successful, or at least where the original intent is frustrated, it has properly been deemed by the General Assembly to be unnecessary to do more than define the main crime, or crime intended to be perpetrated, and to prescribe the punishment in case only an attempt was made to do the act, which, if it had culminated as intended, would have subjected the culprit to graver consequences. A code definition of the offense of assault with intent to rape is not necessary, because the offense of assault and the offense of rape are each clearly defined. And since an assault is an attempt to commit a violent injury on the person of another, thus including any attempt to do any unlawful act of violence injurious to the person of another, it necessarily follows that an assault with intent to rape is an attempt to do to the alleged female the specific violent injury of having forcible sexual intercourse against her will.

6. The defendant moved also to exclude testimony as to a discharge which certain witnesses testified they had seen upon the child, for the reason that the testimony upon this point was opinionative. We prefer to leave to the jury, as did the trial judge, the question whether a witness can, as a matter of fact and knowledge, identify objects or substances of the character here involved, or whether the testimony was opinionative merely. There are many things as to which one witness can testify as a fact, which to the mind of another witness would be a mere matter of opinion; and the jury must in every such case determine whether the testimony is a matter of opinion, or whether it relates to a fact so well known as to be a matter of common knowledge. The testimony of a witness that a given object is made of iron would be, to a certain extent, opinionative, and yet it might be a matter of knowledge and fact which could not be gainsaid by any one.

7. While the evidence as to the defendant's intent is not altogether satisfactory to us, we are not prepared to say that the evidence was not sufficient to authorize the conclusion reached by the jury upon that point; and since the trial was free from error, and the verdict is approved by the trial judge, the judgment refusing a new trial will not be reversed.

*Judgment affirmed. Roan, J., absent.*