### 28675. PONDER *v.* THE STATE.

DECIDED FEBRUARY 20, 1941.

*Emile Hirsch, Frank G. Wilson,* for plaintiff in error.

*Charles H. Garrett, solicitor-general, Norman E. English,* contra.

BROYLES, C. J. The defendant was convicted of an assault with intent to rape. His motion for new trial, based upon the general grounds only, was overruled, and he assigns that judgment as error.

The evidence authorized the jury to find the following facts: On April 9, 1940, Louella Perkins, a negro woman, her three-year-old daughter Viola, and another two-year-old child, were alone in their house in Bibb County, Georgia. The mother left the house between 11:30 and 12 o'clock that morning and went two or three blocks to a spring, filled her bucket with water, and returned "straight back home." When she got close to her house she saw the defendant, Gather Ponder, whom she had known for about a year and who was called "Tootsie," come out of her house and go to Emma Hart's house near by and start chopping wood. When she entered her house, Viola was standing in the front door, crying and holding her bloomers in her hand, and complaining about "Tootsie," whom she knew. There was some blood on the floor right under where she was standing, and there was upon her bloomers and her thighs a quantity of semen which is the whitish fluid produced in an adult male's reproductive organ. There was no evidence that the child had been touched by the accused, except the evidence as to the blood on the floor and the semen discharge on her bloomers and thighs. An alibi was the defense of the accused. The evidence showed that he was a one-legged man, and therefore easier to identify than a man with two legs, and the child's mother positively identified him. The jury were authorized to find against the alibi, and to find that the semen on the child and on her garment was discharged from the reproductive organ of the accused.

The only remaining question for determination is, was the evidence sufficient to authorize the jury to find that the assault upon the child was committed with the intent to have carnal knowledge of her? It has several times been held both by the Supreme Court and this court that a man can be legally convicted of assault with intent to rape although he may not have actually touched the female whom he is charged with having assaulted with intent to rape. *Jackson* v. *State*, 91 *Ga.* 322 (18 S. E. 132, 44 Am. St. R. 25); *Watkins* v. *State*, 68 *Ga.* 832 (2); *Davis* v. *State*, 46 *Ga. App.* 732 (169 S. E. 203). Counsel for the accused cite State *v.* Coram, 116 W. Va. 492 (182 S. E. 83), where the facts were substantially the same as in the instant case, and where the judgment was reversed. Of course that decision is not binding on this court. Moreover, that judgment was reversed because the judge in his charge failed to submit to the jury the issue whether the "assault intended

to penetrate the child's sexual organ or to produce emission without penetration." In the instant case there is no assignment of error on the charge of the court, or on the admission or rejection of evidence. And "The identity of the defendant and the intent with which he makes the assault, when charged with an assault with intent to rape, are questions for the jury; and no complaint being made of any error in the charge of the court, or in the admission or rejection of evidence, and a new trial having been refused by the presiding judge, this court will not interfere." *Dunn* v. *State,* 56 *Ga.* 401. In our opinion the verdict was authorized by the evidence, and the overruling of the motion for new trial, embracing the general grounds only, was not error. The cases cited in behalf of the accused are not controlling in this case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*