## 35429. MOODY *v.* THE STATE.

Decided November 12, 1954—Rehearing denied November 30, 1954.

*Aaron Kravitch,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.

TOWNSEND, J. F. L. Moody was indicted, tried, and convicted in the Superior Court of Chatham County for the offense of assault with intent to rape. He filed his motion for a new trial on the general grounds only, and excepts to the judgment overruling that motion.

The prosecuting witness testified as follows: "On the 23rd day of February this year I was living at 211 East Waldburg, in Savannah, Chatham County, Georgia. Living below were Mr. Price Moody, the defendant here, his wife and one child. On this particular day Mrs. Moody called me [to come] downstairs and made a complaint to me that her husband was in the back room with my child, and I went back to the room where she told me he was and opened the door; it was a bedroom; I found Mr. Moody on top of my child in the bed; I made him get up; his pants were open and all of his privates were out; I called upstairs to my husband; he can't hear too good and I had to call him two or three times; the radio was on; and I stepped back in the hall to call him, and when I did Mr. Moody went out the back door; I then called the police department. . . My little girl, Laverne, is 5 years old. I never had any trouble before with this man; he has been living there since October 17th . . . they were there when I moved there October 17th. My child was not injured in any way at all. . ." The following statement of Dr. E. C. Sheppard was admitted by consent: "To whom it may concern: In re Laverne Harn. This is to certify that I have examined the above child and do not find any evidence of her having been raped, such as tears, bruises and the like about or at the outer opening of the female genetalia; in my opinion, this child could not have been entered by the male organ." The incident occurred about 11 a. m. The defendant was arrested at 1:25 p. m., and was, according to the testimony of a city detective, very much under the influence of alcohol at the time: he was informed of the charge against him, and said he knew nothing about it. The defendant in his statement gave his age as 63 and said further: "As far as bothering

that little girl, I had been drinking the night before, and I was drinking then; I don't remember nothing; I was lying across my bed."

The elements of the offense of assault with intent to rape are (1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry this intent into effect forcibly and against the will of the female. *Davis* v. *State*, 46 *Ga. App.* 732 (169 S. E. 203); *Evans* v. *State*, 67 *Ga. App.* 631 (21 S. E. 2d 336). Where the female is under the age of 14, the law conclusively presumes that it is against her will, she being unable to consent. *Todd* v. *State*, 25 *Ga. App.* 411 (103 S. E. 496). The sole question, therefore, is whether there is evidence sufficient to authorize a finding that the intent of the defendant under the circumstances in which he was discovered was to commit rape. Whether or not he had such intent was a jury question. *Dunn* v. *State*, 56 *Ga.* 401. It is not necessary to show an attempt at penetration, and "a man who in lust lays his hand upon a girl under the age of ten years with the intent and purpose of having carnal knowledge of her, and who attempts to do so, commits the offense of assault with intent to rape if he fails to complete the act." *Williams* v. *State*, 15 *Ga. App.* 306 (2) (82 S. E. 938). The *Williams* case involved a four-year-old child, and as here, there was no evidence of any physical violence done to her body. The jury here was authorized to consider the defendant's position on top of the child on the bed, the exposure of his body, and the fact that his wife made complaint of these facts to the child's mother. The circumstances are therefore very different from those in the case of *Horton* v. *State*, 74 *Ga. App.* 723 (41 S. E. 2d 278), cited by the plaintiff in error. There the man and the little girl were sitting in a movie theatre, surrounded by other people, some of them looking in the defendant's direction; and all of the testimony in the case precluded the construction of the defendant's actions as being an intent to commit rape at that time and place, it being more reasonable to assume that the defendant intended some offense other than rape. No such factors are involved here, and the verdict of the jury, having the approval of the trial court and being authorized by the evidence, will not be disturbed by this court.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*