## WARNER *v.* STATE.

Decided July 3, 1891.

1. *Rape—Indictment—Sex.*

No averment of sex is necessary in an indictment for rape; accordingly an indictment is sufficient which alleges that defendant did, "feloniously, forcibly, unlawfully and against her consent, carnally know Jennie Jones."

2. *Rape—Carnal abuse.*

An indictment for rape of a female of unmentioned age will not sustain a conviction of the offense of carnal knowledge with her consent of a female under the age of puberty; but where the evidence showed that she was under that age, and the court instructed the jury as to the distinction between the two offenses, a conviction of the latter offense is an acquittal of the former.

APPEAL from *Sebastian* Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

Appellant *pro se.*

1. The indictment does not charge that Jennie Jones was a "female." Mansf. Dig., sec. 1568; 1 Whart. Cr. Law, 574.

2. A conviction of carnally knowing a female child under the age of puberty, cannot be sustained under this indictment. Apt words are not used. Mansf. Dig., sec. 1571; 50 Ind., 267; 1 Whart. Cr. Law, sec. 572; 45 Wis , 86.

3. The verdict acquits defendant of rape, but finds him guilty of a crime with which he is not charged.

*W. E. Atkinson,* Attorney General, for appellee.

HUGHES, J. The appellant was tried and convicted of "carnally knowing Jennie Jones, a female child under the age of puberty," and sentenced to the State penitentiary for five years upon the following indictment:

" The grand jury of Sebastian county, in and for the Fort Smith district thereof, in the name and by the authority of the State of Arkansas, accuse Edward Warner of the crime of rape committed as follows, to wit: The said Edward

Warner did, on the 24th day of July, 1890, in the county
and district aforesaid, feloniously, forcibly, unlawfully, and
against her consent, carnally know Jennie Jones," etc.

The appellant demurred to the indictment on the grounds:

(1.) "That the indictment does not state facts sufficient
to constitute a public offense."

(2.) "The said indictment does not state facts sufficient
to constitute the offense charged."

The demurrer was overruled, to which he excepted, and
filed a motion to quash the indictment because he, being
confined in jail, was not brought out and permitted to be
present at the organization of the grand jury that returned
the indictment.  This motion was overruled.  Appellant ex-
cepted.

The bill of exceptions sums up the evidence as follows:
" There was testimony tending to show that the defendant
carnally knew Jennie Jones, a female, forcibly and against
her will, and that Jennie Jones was at the time 11 years old.
There was other testimony tending to show that the act was
committed with the consent of Jennie Jones, and not for-
cibly and against her will, and that she was under the age
of puberty, and under 12 years of age.  There was testi-
mony tending to show that Jennie Jones was a female child
under the age of puberty; that on account of her tender
years she did not understand the nature of the act.  There
was testimony tending to show that she did understand the
nature of the act and was under 12 years of age," etc.

The court amongst others gave to the jury the following
instructions numbered 3 and 4:

3.  You are also instructed that a rape can be committed
on a child; and if she is under 12 years of age and because
of her youth does not understand the nature of the act, then
the law says she cannot consent, and carnal knowledge had
with her is rape punishable by death.  But if she does un-
derstand the nature of the act and consents thereto, though
she be under the age of 12 years, then it is not rape punish-
able by death, but it is punishable as a lower grade of rape

by imprisonment in the penitentiary for not less than five nor more than twenty-one years. In other words carnal knowledge had with a child under 12 years of age is punishable, whether had with her consent or not. If, on account of her tender years, she does not understand the nature of the act, it is punishable by death. But if she does understand the nature of the act and consents to it, then it is punishable by imprisonment as stated above.

4. Now you are instructed that if defendant had carnal knowledge with Jennie Jones, and Jennie Jones was at that time under 12 years of age, then the defendant is guilty, but whether of the grade of offense punishable by death or by imprisonment depends upon whether Jennie Jones understood the character of the act; if she did not, then he is guilty of the offense punishable by death; if she did understand it, and it was done forcibly and without her consent, then it is punishable by death. But if she understood the nature of the act and consented, then he is guilty of the lower offense, and punishable by imprisonment in the State penitentiary for not less than five nor more than twenty-one years.

Following are the grounds of the motion for a new trial filed by appellant, which was overruled, to which he excepted.

1. The court erred in overruling defendant's motion to quash indictment.                                    .

2. The court erred in overruling defendant's demurrer to indictment.

3. The indictment does not state facts sufficient to constitute the offense of which the defendant was convicted.

4. The court erred in giving instructions five and six. Verdict not sustained by the law and evidence.

The motion to quash the indictment states no objection that might have been urged to any of the grand jurors, and was properly overruled.

**1. Indictment for rape need not aver sex.** It is urged that the indictment was demurrable because it did not expressly aver that Jennie Jones was a female. The indictment charges that the appellant feloniously, forcibly,

unlawfully and against her consent, did carnally know .Jennie Jones. The use of the personal pronoun *her*, referring to Jennie Jones, in the indictment makes it sufficiently certain that the offense is charged to have been committed upon a female. "It is not necessary to aver, in any case, either that the defendant is a man or that the victim is a woman;" for the reason "that neither the capacity of the defendant to commit a crime, nor the possibility of another named person's being made the victim of it, need ever be alleged, a charge of its actual commission covering the whole ground and being always sufficient." 2 Bishop, Cr. Law, sec. 952, and cases cited. The indictment sufficiently charged the crime of rape. The demurrer was properly overruled.

The next inquiry is, Does the indictment state facts sufficient to constitute the offense of which the defendant was convicted? The crime of rape, under our statute, is punishable with death; the crime of carnally knowing or abusing unlawfully any female child under the age of puberty is punishable by imprisonment in the penitentiary for a period of not less than five nor more than twenty-one years. Secs. 1570, 1571, Mansfield's Digest. The appellant in this case, having been convicted of the latter offense and sentenced to five years in the penitentiary, stands acquitted of the charge of rape.

2 Distinction between rape and carnal abuse.

Can the conviction under this indictment be sustained?

Rape may be committed upon a female of any age, and is defined by the statute to be "the carnal knowledge of a female forcibly and against her will." The crime of carnally knowing a female child under the age of puberty can be committed only where the victim is under 12 years old, and has sufficient intelligence to know the nature of the act and to consent, and does consent thereto. If the victim is under 12 years of age, and by reason of her tender years does not understand the nature of the act, she is incapable of consent, and the offense is rape. If, being under 12 years of age, she does understand the nature of the act

and consents to it, the offense is that of carnally knowing a female child under the age of puberty. The age at which puberty begins is fixed at 12 years in *Coates* v. *State,* 50 Ark., 330. Had the indictment in this case stated that Jennie Jones was under the age of 12 years, it would have contained all the "substantive allegations necessary to let in proof" of the offense of which the appellant was convicted. Without this statement of her age the charge was a charge of rape only.

While rape and carnal knowledge of a female child are akin, they are separate and distinct offenses, and the latter is not included in or a degree of the former in the sense that when you charge the former the latter is included in the charge. Carnal knowledge of a female under the age of puberty is in legal contemplation forcible and against her will, even with her nominal consent. But if it is shown that she understood the nature of the act, and was capable of consenting, and did consent, then the offense would be carnal knowledge of a female child under the age of puberty, and not rape. Upon an indictment for one offense a defendant cannot be convicted of an offense not included in nor a degree of the offense charged. He cannot be convicted of an offense with which he is not charged. *Childs* v. *State,* 15 Ark., 204 ; *Sweeden* v. *State,* 19 Ark., 205 ; *Davis* v. *State,* 45 Ark., 470.

It follows therefore that the judgment must be reversed, and the cause remanded, with directions that the defendant cannot be held to answer further to the present indictment, but is to be held to await the action of the next grand jury of the Fort Smith district in Sebastian county upon his case. In the meantime he may be admitted to bail, upon the execution of a bond in the sum of $1000, with security to the satisfaction of the sheriff of Sebastian county, conditioned to appear and answer any indictment that may be found against him for obtaining carnal knowledge of Jennie Jones, a female child under the age of puberty.