MACEDONIO MUNOZ v. THE STATE.

No. 3144. Decided February 8, 1905.

**Assault With Intent to Commit Rape—Variance .**

Where the indictment alleged an assault to commit rape upon a woman by force, threats and fraud, and the evidence showed that the female was under the age of 15 and no character of force was used, the variance is fatal.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dwyer.

Appeal from a conviction of assault with intent. to rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Walling* and *Selig Deutschman,* for appellant.—The indictment charges the offense as against a woman of full age and therefore the proof must correspond to the allegations in the indictment. Rogers v. State, 30 Texas Crim. App., 510; Jenkins v. State, 34 Texas Crim. Rep., 201; Moore v. State, 20 Texas Crim. App., 275; Walton v. State, 29 Texas Crim. App., 163.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to commit rape, and his punishment fixed at fifteen years confinement in the penitentiary. The indictment alleges that defendant "in and upon Nora Walter, a woman, did make an assault with the intent then and there to commit the offense of rape upon the said Nora Walter, by then and there, without the consent of the said Nora Walter attempting by force, threats and fraud to ravish and have carnal knowledge of her, the said Nora Walter," etc. The evidence shows that the prosecutrix, Nora Walter, was under the age of 15 years. Where the indictment for rape is upon a female over the age of 15 years, the indictment must allege a want of consent and force; and the proof must correspond to such allegations. The proof in this case shows the child is under the age of 15 years, and no character of force is made manifest by the record. Rogers v. State, 30 Texas Crim. App., 510; Jenkins v. State, 34 Texas Crim. App., 201; Moore v. State, 20 Texas Crim. App., 275; Walton v. State, 29 Texas Crim. App., 163. We do not believe the evidence in this case will support a conviction even under a proper indictment for assault to rape, since it does not show there was any assault made upon prosecutrix; at least the evidence of such a character as not to show any degree of coercion was used in the alleged assault. The testimony of prosecutrix is vague and uncertain, and is so stated that it is hard to tell from her testimony whether she

swears to any affirmative fact outside of the statement that she went out to the lot to call her brother.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.