## ECHOLS *v.* THE STATE.

1. Movant complained of the following charge to the jury: "But I charge you further, you may look and see what the age of the party alleged to have been ravished was; and if you find she was under fourteen years of age, to make the offense rape it does not have to be done forcibly and against her will, but if the defendant had sexual intercourse with her at all, with her consent or without her consent, if he had carnal knowledge of her he would be guilty of the offense of rape, provided she was under fourteen years of age; for to have sexual intercourse with a female now in the State of Georgia is rape, provided the female is under fourteen years of age, and provided she is not legally married to the man who has sexual intercourse with her; and in that connection I charge you that it is unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen years, and, if found guilty, that they shall be punished as for rape; provided, however, that the jury trying the same may recommend them to the mercy of the court; and provided, further, that the jury may recommend that the defendant be punished as for a misdemeanor; and provided, further, that no conviction shall be had upon the uncorroborated testimony of the female." *Held*, that under the facts of the case this charge was not error.

2. The ground of the motion for a new trial in which complaint is made that the right of cross-examination was abridged is without merit.

3. The request to charge, set out in the third division of the opinion, was not entirely accurate and adjusted to the case, and the judge did not err in refusing it.

4. The omission to charge, as contended in the fourth division of the opinion, was not erroneous.

5. The verdict was supported by evidence.

　　　　　　　No. 3009.　JULY 15, 1922.

Indictment for rape. Before Judge Wright. Floyd superior court. December 3, 1921.

The defendant was convicted of rape, with a recommendation to mercy; and he excepted to a judgment refusing his motion for a new trial. The indictment contained only one count, which alleged that the defendant did, in the county of the jurisdiction, on a named date, " in and upon one Nellie May Bennett, a female, . . wilfully, feloniously, and violently make an assault, and did then and there forcibly and against her will feloniously ravish

and carnally know her, the said Nellie May Bennett, contrary to the laws," etc. Uncontradicted evidence was admitted, without objection at the trial, that the alleged injured female was ten and a half years of age. The evidence tended to show an act of sexual intercourse between the defendant and the female, and authorized a finding either for or against the State's contention that it was by force and against the will of the female. Other facts sufficiently appear in the opinion.

*Willingham, Wright & Covington,* for plaintiff in error.

*George M. Napier, attorney-general, E. S. Taylor, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *J. F. Kelly,* contra.

PER CURIAM. One ground of the motion for new trial complains that after the court had instructed the jury as to the law of rape committed forcibly and against the will of the female as alleged in the indictment, he proceeded: "But I charge you further, you may look and see what the age of the party alleged to have been ravished was; and if you find she was under fourteen years of age, to make the offense rape it does not have to be done forcibly and against her will, but if the defendant had sexual intercourse with her at all, with her consent or without her consent, if he had carnal knowledge of her he would be guilty of the offense of rape, provided she was under fourteen years of age; for to have sexual intercourse with a female now in the State of Georgia is rape, provided the female is under fourteen years of age, and provided she is not legally married to the man who has sexual intercourse with her; and in that connection I charge you that it is unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen years, and, if found guilty, that they shall be punished as for rape; provided, however, that the jury trying the same may recommend them to the mercy of the court; and provided, further, that the jury may recommend that the defendant be punished as for a misdemeanor; and provided, further, that no conviction shall be had upon the uncorroborated testimony of the female." Error was assigned upon the portion of the charge which is quoted, on the ground that it charged the law of rape as provided in the act of 1918 (Acts 1818, p. 259), but was not authorized under the indictment, which charged commission of rape only by force and against the will of the female, without any reference to her age. It was contended that the act

of 1918 provided a new offense of rape, that is to say, it makes acts of sexual intercourse with a female child between the ages of 10 and 14, to which she was consenting, rape, whereas sexual intercourse with such female by her consent prior to the passage of the act was not rape; and inasmuch as there is a distinction between rape as defined in the act of 1918, supra, and rape as defined in § 93 of the Penal Code, no conviction could be had under the act of 1918, the indictment containing no charge of rape under the definition given in that act. We think this contention is unsound. The act of 1918, including the caption, in so far as the same is material, is as follows: "An act to define and fix the age at which female children may lawfully consent to acts of sexual intercourse; to provide a punishment for a violation thereof; and for other purposes. Section 1. Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of same, that from and after the passage of this act it shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen (14) years, unless such person shall have previously become lawfully married to such female child." Section two merely provides that the punishment shall be as prescribed by section 94 of the Penal Code, unless the jury shall recommend misdemeanor punishment; and also provides that no conviction shall be had on the unsupported testimony of the female in question. Section 3 repeals conflicting laws. While the caption is not a part of the act itself, yet it may be considered to clarify the meaning of the act, and to determine the intention of the legislature where the same is in doubt. The act, construed in connection with the caption, clearly indicates the intention of the General Assembly to fix the minimum age at which a female can consent to sexual intercourse at fourteen years, and makes it unlawful for any person to have sexual or carnal intercourse with any female under that age, unless such person shall have previously become lawfully married to such female child. It did not create a new offense of rape. It prescribed the punishment to be the same as that provided in section 94 of the Penal Code, which has application to the crime of rape as it existed prior to the passage of the act of 1918. There are a number of decisions in other jurisdictions which hold that, under an indictment charging rape forcibly and against the will of the female, a conviction can-

not stand where the evidence shows the female to be under the age
of consent, but where the evidence does not show that the act was
committed forcibly and against her will. It has already been
decided by this court that "upon the trial of an indictment for
rape it is competent to show that the female upon whom the crime
was alleged to have been committed was under ten years of age,
though the indictment contained no such allegation." *McMath* v.
*State,* 55 *Ga.* 303. This case furnishes authority, therefore, for
the admission of evidence that the female was unable to consent
in a case where the indictment contained no allegation as to age.
It would seem to follow necessarily from this ruling that the court
is authorized to charge the principle of law that a female under
fourteen years of age cannot consent, where the indictment con-
tains no allegation as to age; for surely if evidence can be ad-
mitted on the question, the court can charge the jury the law in
reference thereto. And see the case of *Stephen* v. *State,* 11 *Ga.*
225, where the indictment charged that the accused then and
there, "forcibly and against her will, feloniously did ravish and
carnally know" a named female, and where the indictment con-
tained no allegation as to her age. See also *Gosha* v. *State,* 56 *Ga.*
36, where it was ruled: "An infant under ten years of age can-
not consent to sexual intercourse, and the fact that such is her age
is conclusive that the act is done forcibly and against her will."
We therefore conclude that there was no error in the charge com-
plained of in this ground of the motion for a new trial.

2. Another ground of the motion for new trial complains of
the refusal of the court to allow the attorney for the defendant to
press his cross-examination of the alleged injured female who had
been introduced as a witness for the State. The girl was the first
witness introduced by the State, and testified as to the commission
of the offense forcibly and against her will. Her testimony as to
the time, place, and other circumstances of the alleged offense was
at least consistent, if not suggestive that her relations with the
accused were by consent. She testified as to the length of the
time in which the defendant was engaged in the act, stating the
time to be thirty minutes, and that she calculated the time by
counting. After giving such testimony she was finally asked, on
cross-examination: "Did your mother tell you to tell us about the
counting?" The State's counsel objected to the question, and the

court ruled: "Yes, I think you have gone far enough on that counting business." Error was assigned upon the ruling, on the ground that it abridged the right of cross-examination of the witness. The complaint made in this ground of the motion for a new trial does not show clearly what the ruling of the court was. The ground of the motion covers nearly three pages of typewritten matter, most of which consists of remarks of the court and questions and answers. There was a lengthy cross-examination, containing many repetitions, from which, taken as a whole, it does not appear that the right of cross-examination was unreasonably abridged.

3. Another ground of the motion for new trial complains of the refusal of the judge to charge, on timely written request: "I charge you, gentlemen, that if the defendant endeavored to have intercourse with the person he is alleged to have raped, but before securing a penetration he desisted for any reason, I charge you that defendant would not be guilty of the offense of rape." This request was inaccurate. The defendant might have "desisted," and yet not have abandoned the enterprise, and may have finally completed the offense. The court did not err in refusing the request.

4. Another ground of the motion for new trial complains, that, after request of the jury for further instructions as to their right to fix the maximum and minimum sentence in case of a conviction with recommendation to mercy, the court instructed them on that subject substantially as provided in the statute, but, after giving such instruction, failed to charge them in connection therewith that the jury "could recommend that the defendant could be punished as for a misdemeanor, in which event the same would be made the judgment and sentence of the court." During the charge the judge instructed the jury as it is contended he should have charged, and his failure to repeat that portion of the charge could not have been misleading or confusing to the jury.

5. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except*
ATKINSON, J., dissenting from the ruling announced in the first headnote and corresponding division of the opinion.

The assignment of error and contention of the plaintiff in error, as set out in the first division of the opinion, are sufficiently stated,

and need not be here repeated. It will be perceived that the indictment was drawn under § 93 of the Penal Code, which provides: " Rape is the carnal knowledge of a female, forcibly and against her will." On the basis of this law it was held in *McMath* v. *State,* 55 *Ga.* 303: " Upon the trial of an indictment for rape, it was competent to show that the female upon whom the crime was alleged to have been committed was under ten years of age, though the indictment contained no such allegation." It was also held: " There was no error in the charge of the court to the effect that it was not necessary to show that the carnal knowledge was forcibly and against the will of the female, she being a child under ten years of age." In *Stephen* v. *State,* 11 *Ga.* 225, it was said, in the course of the opinion: " Anciently it was doubted whether a rape could be committed upon a child under ten years of age. And therefore the act of 18 Elizabeth, ch. 7, § 4, was passed. The authorities going to show that a rape, at common law, could be committed on a female under ten years, considered it immaterial whether she consented or not. . . The common-law principle is, that a child under ten years of age is incapable of consenting. The same construction has been put upon the statute of Elizabeth. Hence Lord Hale denies rape to be, the carnal knowledge of any woman above the age of ten years, against her will, and of a woman child under the age of ten years, with or against her will. 1 Hale, P. C. 628." In *Gosha* v. *State,* 56 *Ga.* 36, it was said in the opinion: " The defendant was indicted and found guilty of rape. He moved for a new trial, and error is assigned here on two grounds: first, that the court erred in charging that a female child under ten years of age could not consent to sexual intercourse, so as to show that the act was not done forcibly or against her will, there being some proof of her consent; and secondly, because the venue was not sufficiently proven; and these are the two questions the record before us makes. 1. As to the first question, the rule at common law is well established, and we think founded in wisdom: See 4 Blackstone (Cooley), 210, 212. It has also, in effect, received the sanction of this court: *Stephen* v. *The State,* 11 *Georgia Reports,* 238. We shall not disturb it. That rule is, that her tender years concludes the question — she cannot consent."

The indictment in the present case was brought under these au-

thorities. If the female had been under 10 years of age, it would have been proper for the judge to have instructed the jury in effect that she was incapable of giving consent, and that sexual intercourse with her by a man would be deemed in law as forcibly and against her will and characterized as rape; but the act of 1918 (Acts 1918, p. 259) made a different provision. Section 1 of the act declares: " Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of same, that from and after the passage of this act it shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen (14) years, unless such person shall have previously become lawfully married to such female child." Section 2 declares: " That any person violating the provisions of section 1 . . . shall be punished as prescribed by section 94 of the Penal Code of Georgia of 1910, unless the jury trying the cause shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court. Provided, however, that no conviction shall be had for said offense on the unsupported testimony of the female in question." Section 3 repeals conflicting laws. This is a penal statute, and must be strictly construed. It purports to denounce, as rape, acts of sexual intercourse with a female that would not have been rape under the Penal Code, § 93, if the female consented. The basis of rape on a female child under 10 years of age, under the old law as indicated above, was the incapacity of the child to consent; yet in the act of 1918 incapacity of the child to consent is not mentioned. The act just baldly denounces as unlawful, and as constituting rape, sexual intercourse with a female child under the age of 14 years, which of course includes children between the ages of 14 and 10 years, the latter being the youngest age at which a child could consent under the old law. The caption of the act of 1918 mentions incapacity of a female child under 14 years of age to consent to sexual intercourse. The language of the caption is as follows: " An act to define and fix the age at which female children may lawfully consent to acts of sexual intercourse; to provide a punishment for a violation thereof; and for other purposes." While it is proper to consider the caption of an act in construing doubtful language in the body of the act, the caption is no part of the

law contained in the enactment, and its terms cannot be .imported into the body of the act. *Bentley* v. *State Board of Medical Examiners,* 152 *Ga.* 836, 839 .(111 S. E. 379) ; Brown *v.* Erie Railroad Company, 87 N. J. Law, 487 (91 Atl. 1023, Ann. Cas. 1917C, 496) ; Memphis St. Ry. Co. *v.* Byrne, 119 Tenn. 278, 104 S. W. 460).

The act recognizes that a child under 14 years of age may consent to be married and be of sufficient mental and physical development to consent to sexual intercourse, but nevertheless denounces as rape such sexual intercourse if the man is not lawfully married to the female. As applied to a female child over the age of 10 years and under .the age of 14, sexual intercourse with her by a man not lawfully married to her is rape, whether or. not the act is with or without her consent or against her will, notwithstanding she might have capacity under the general law to assent to such act of sexual intercourse; and the act of 1918 did not deprive her of that capacity. Such being the character of the offense of rape as defined in the act of 1918, in order to convict a defendant of that offense alleged to have been committed upon a female between the ages of 10 and 14 years, the indictment should conform to the provisions of that statute, and a conviction could not be had for rape of a child between such ages under an indictment which alleged the carnal knowledge of a female forcibly and against her will, but contained no allegation that she was under the age of 14 and unmarried. In Vasser *v.* State, 55 Ala. 264, it was held: " Rape (Rev. Code, § 3661), and having carnal knowledge of a female under ten years of age (§ 3663), though kindred offenses, and punished in the same manner, are not identical; and although a rape may be committed on a female under ten years of age, the offender can not be indicted for it as a rape under the former statute, and convicted under the latter." In the course of the opinion it was said by Manning, J: " By section 3661 of the Revised Code, ' any person who is guilty of the crime of rape must, on conviction, be punished, at the discretion of the jury, either by death, or by imprisonment in the penitentiary for life, or by hard labor for the county for life.' According to section 3663, ' any person who has carnal knowledge of any female under the age of ten years, or abuses such female in the attempt to have carnal knowledge of her, must, on conviction, be punished, at the

discretion of the jury, either by death, or by imprisonment in the penitentiary for life, or by hard labor for the county for life.' Although the offenses denounced in these sections are punishable in the same manner, they are not identical; and accordingly a different form of indictment is prescribed for each. Rev. Code, 808-9, No. 7 and No. 8. A man who is indicted for rape, is warned thereby that he is prosecuted for a crime against a woman, done by force, and without her consent. If the act which is a necessary constituent of the crime has been committed, his acquittal depends on the failure to prove to the satisfaction of the jury that it was done by force, or without the consent of the woman. This is the point upon which he must make his defense. He is not notified that it behooves him to be prepared to controvert any other testimony than that which is to prove that the act was done, and done under those circumstances. An indictment under section 3663, on the contrary, does not charge that the offense imputed to the accused was done by force, or without the consent of the female. Evidence that it was would not avail to acquit him. His acquittal must depend, either upon the failure to convince the jury that the act was done by him, or the failure to convince them that the female was under ten years of age — one or the other. The defendant is thus enabled, as the law intends he shall be, to prepare to meet the evidence upon the charge against him, with the proper counter evidence to vindicate him, if he be innocent." In 33 Cyc. 1452, it is said: "Under an indictment charging a particular offense a conviction cannot be had upon proof of another and distinct offense. If the indictment charges rape, or attempt or assault with intent to rape, by force and against the will of the female, not alleging that she was under the age of consent, there can be no conviction on proof that the female was under the age of consent, unless there is also proof of force and want of consent, where the statute makes rape by force and carnal knowledge of a female under the age of consent distinct offenses; but it has been held otherwise where the statute does not make them distinct offenses." See also People v. Ruiz, (Cal.) 192 Pac. 327; Jenkins v. State, 34 Texas Cr. 201 (29 S. W. 1078); Morgan v. State (Texas), 50 S. W. 718; Munoz v. State, 47 Texas Cr. 577 (85 S. W. 11); State v. Wheat, 63 Vt. 673 (22 Atl. 720); Bonner v. State, 65 Miss. 293 (3 So. 663); Warner v. State, 54 Ark. 660

(17 S. W. 6). It follows from what has been said that the judge erred in the charge to the jury upon which error was assigned.