HOUSTON *v.* THE STATE.

No. 12343. MAY 11, 1938.

*William Lowrey Stone,* for plaintiff in error.

*M. J. Yeomans,* attorney-general, *R. A. Patterson,* solicitor-general, *Hooper & Hooper, Emil J. Clower,* and *Ellis G. Arnall,* contra.

GRICE, Justice. Charlie Houston was convicted of rape, and was sentenced to serve two to five years in the penitentiary. The error assigned is on the refusal of a new trial. The motion therefor, besides the grounds that the verdict is contrary to the evidence and to the law, is based on the insistence that the judge erred in failing to instruct the jury that if they found the defendant guilty of the offense of rape, they might recommend that he be punished as for a misdemeanor, in which event the same should be made the judgment and sentence of the court. This ground is predicated upon the fact that the evidence disclosed that the female alleged to have been assaulted was a five-year old child. There is no reference in the indictment to the age of the female. It charged the defendant "with the offense of rape," for that on a day named he did then and there "unlawfully and with force and arms in and upon one [naming her], a female, violently, forcibly, and feloniously make an assault, and her the said [naming her] did then and there unlawfully beat, and her the said [naming her] then and there forcibly and against her will feloniously did ravish and carnally know the said [naming her], contrary to the laws of the said State," etc. There is in the indictment no intimation that it was framed under the Code, § 26-1303, which declares that it shall be unlawful for any person to have sexual or carnal intercourse with a female child under the age of fourteen years, unless such person shall have previously become lawfully married to such female child. Section 26-1304 declares that "Any person who shall violate the provisions of section 26-1303 shall be guilty of rape, and on conviction thereof shall be punished as prescribed by section 26-1302, unless the jury trying the case shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court: Provided, however, that no conviction shall be had for such offense on the unsupported testimony of the female in question." These two sections were taken from the act approved July 31, 1918 (Ga. Laws 1918, p. 259), the caption whereof is as follows: "An act to define and fix the age at which female children may lawfully consent to acts of sexual intercourse; to provide a punishment for a violation thereof; and for other purposes." The act contains nothing more than what is contained in the two Code sections, except the usual repealing clause. It is not contended

that the omitted charge should be given in the ordinary rape case; and if it be erroneous to fail to give it, it is error only because it is made applicable to the case at bar by the provision now found in the Code, § 26-1304. Before the enactment of the act above referred to, a person could not be found guilty of rape merely because he had carnal intercourse with a female child between the ages of ten and fourteen years. It was necessary in such a case that it be made to appear that the carnal knowledge was with force and against her will, unless, although the child assaulted was over ten years old, the jury believed that from the degree of her physical and mental development, she was incapable of consenting, although she made no objection to the intercourse. Compare *Stephen* v. *State,* 11 *Ga.* 225; *Pounds* v. *State,* 95 *Ga.* 475 (20 S. E. 247); *Jones* v. *State,* 106 *Ga.* 365 (34 S. E. 174); *McCombs* v. *State,* 148 *Ga.* 304 (96 S. E. 385). Formerly, under our law, what is referred to as the age of consent was ten years. *Gosha* v. *State,* 56 *Ga.* 36. Carnal knowledge of a child under ten, even though she consented to the act, was rape. *Stephen* v. *State,* 11 *Ga.* 225; *Joiner* v. *State,* 62 *Ga.* 560. "Upon the trial of an indictment for rape, it was competent to show that the female upon whom the crime was alleged to have been committed was under ten years of age, though the indictment contained no such allegation." *McMath* v. *State,* 55 *Ga.* 303. As stated by Russell, Chief Justice, in *Holland* v. *State,* 161 *Ga.* 492 (131 S. E. 503), the primary purpose of the act of 1918, supra, was to raise what is generally called "the age of consent" to the age of fourteen years; and it was said by four Justices in *Griffith* v. *State,* 176 *Ga.* 547 (168 S. E. 235), that the act was intended to apply only to cases where the act of intercourse is accompanied with the actual consent or acquiescence of the female. In *Atkins* v. *State,* 154 *Ga.* 540 (114 S. E. 878), this court had before it a question certified by the Court of Appeals, to wit, whether or not, under the act of 1918, the offense of an assault with intent to rape, when committed upon a female child over ten years old and under fourteen years of age, is a reducible felony. The question was answered in the negative. Fish, Chief Justice, in the opinion made the following statement: "It may seem that no good reason appears why the General Assembly, in the act of 1918, should authorize a jury to recommend a misdemeanor punishment for one convicted of rape

as defined by the act, and not give a jury the power to recommend a misdemeanor punishment in the case of a conviction of an assault with intent to rape, which is an essential element of the offense of rape." Counsel for plaintiff in error rely upon the language used in the first part of the quotation, in support of his position that when, as here, it appears from the proof that the child assaulted was five years old, the jury would be authorized, upon conviction, to fix a misdemeanor punishment. The *Atkins* decision was dealing with an assault upon a child between the age of ten and fourteen. Only children between those ages are affected by the act in question. That act does not apply in the instant case, because here the child was only five years old. Independently of the act, there is no such thing as a misdemeanor punishment in a rape case. It is only as to cases arising under the act that the provision as to misdemeanor punishment applies. The apparent ruling of the majority of the court in *Echols* v. *State,* 153 *Ga.* 857 (113 S. E. 170), that the charge set out therein was not error, does not, in the light of the original record of file in the clerk's office, furnish authority for the position taken by counsel for plaintiff in error. That record shows that the only point made by counsel in the *Echols* case was that this charge was error because it set out that a conviction could be had under the act of 1918, whereas the indictment did not charge him with a violation of that act. Indeed this fairly appears from the opinion itself. Whether or not, under an indictment framed under the Code, § 26-1301, when the proof showed that the female assaulted was under the age of fourteen, the jury could, on conviction, fix a misdemeanor punishment, was not an issue raised by the motion for new trial in the *Echols* case. The language that "under the facts of the case this charge was not error," must be understood to mean that it was not error for the reason assigned by the movant. It should also be noted that in the *Echols* case the child assaulted was ten and a half years old. We reach the conclusion that the court did not err in failing to charge as complained of.

It would serve no useful purpose to set forth the testimony. The accused was a mere child himself, between thirteen and fourteen years old; but there was evidence which the jury had the right to believe that furnished proof that he had reached puberty. See *Gordon* v. *State,* 93 *Ga.* 531 (21 S. E. 54, 44 Am. St. R. 189).

While the evidence is in some respects unsatisfactory, we are not clothed with the power to grant a new trial on that ground, when the verdict has received the approval of the judge. It can not be said that the verdict is unsupported by the evidence.

*Judgment affirmed. All the Justices concur.*