## Commonwealth v. Ashmore

*H. W. Steinbrook*, for Commonwealth.

*Cecil B. Moore*, for defendant.

SLOANE, J., January 17, 1957.—The concise question here is whether a jury finding of guilty of *statutory* rape can stand, whether it has any validity, where defendant in the bill of indictment is charged only with *forcible* rape.

The testimony showed the prosecuting witness to be 15 years old when the occurrence took place.[1] She asserted force on defendant's part. He admitted copulation and asserted consensus. If her statement as to her age be verity, defendant, over 16 years of age, on his own admission, is guilty of statutory rape:[2] The

1. She testified she was born September 9, 1940. It might be noted that in another statutory rape case on the same girl (Commonwealth v. Sprowl, December 1955, no. 332, the age is stated in the indictment as 15, on September 7, 1955.

2. I lay aside, at this point, the question of reduction to fornication, on unchaste reputation evidence.

Penal Code of June 24, 1939, P. L. 872, sec. 721, 18 PS §4721. But the indictment averred that: "Edward Ashmore made an assault upon the said Alice Frazier and forcibly ravished and carnally knew her against her will."[3].

The jury was in the box hearing the case, the trial was on, the girl's age did not appear until she testified, and so I submitted both crimes to the jury, statutory rape and forcible rape, reserving any legal question that would come, depending upon how the jury found. For there would be no question if there were verdicts of not guilty on statutory rape and forcible rape or verdicts of guilty as to both. But the jury returned a verdict of guilty as to statutory rape and a verdict of not guilty as to forcible rape. The question remains.

A basic principle is the basic right to know the accusation, "the nature and cause of the accusation": Constitution of Pennsylvania, article I, sec. 9; United States v. Debrow, 346 U. S. 374. And in a sense the indictment is the trial. "It has been aptly said that 'the indictment is the star and compass of a criminal trial' ": Commonwealth v. Petrillo, 338 Pa. 65, 77. A defendant should be able to defend, know what he is defending against, know that he will not have to defend twice, and so protect himself against a second conviction for the same offense: Commonwealth v. Buford, 179 Pa. Superior Ct. 312, 315.

Technicalities have gone; substantial justice is the keynote: Commonwealth v. Bovaird, 373 Pa. 47, 63; Commonwealth v. Freelove, 150 Mass. 66; Commonwealth v. Buckley, 145 Mass. 181. I take it a court would not now quash an indictment because, for example, the article "the" is omitted. See State v. Campbell, 210 Mo. 202; State v. Adkins, 284 Mo. 680,

---

3. There are three other counts in the indictment: Assault and battery, assault with grievous bodily harm, assault with intent to ravish.

695; Commonwealth ex rel. v. Smith, 152 Pa. Superior Ct. 1; Commonwealth v. Gallagher, 165 Pa. Superior Ct. 553; Commonwealth v. Hopkins, 165 Pa. Superior Ct. 561.

But what is before us is no technicality, no over-nicety. Here there is one charge in the indictment, forcible rape, where there should have been another, statutory rape, or both set forth in the indictment, to warrant a proper finding of statutory rape. And where there is no charge, or a wrong charge, then a verdict found in such proceeding does not cure the omission or the error. A verdict or a plea of guilty does not cure it: Commonwealth v. Smith (No. 2), 116 Pa. Superior Ct. 146, 155. For a man "cannot be convicted of an offence which is not the accusation made against him or any constituent thereof": Commonwealth v. Komatowski, 347 Pa. 445, 453.

The intelligence of such conclusion is shown here, for in this case defendant was deprived of the op-portunity to show that the prosecuting witness was not of good repute, which he could do if the charge was statutory rape, and on the charge of forcible rape, the measure of defense may be different; his defense is consent which means the absence of force and the presence of will.

On this charge the finding of the jury of guilty on statutory rape, though justified on the evidence, is not a valid finding in view of the indictment, and should be set aside. See Commonwealth v. Komatowski, supra; Commonwealth v. Smith, supra; Warner v. State, 54 Ark. 660, 17 S. W. 6.

No motion was filed by counsel for defendant but the matter as suggested is basic, and I think we must do it on our own motion, the admonition of Common-wealth v. Mays, 182 Pa. Superior Ct. 130, would not apply here.

Since there is no limitation bar to indictment on the statutory rape charge, it seems to me that the district attorney should move quickly for defendant's indictment on that charge. I, therefore, order a new trial upon a bill sufficiently charging the offense: Harrison v. Commonwealth, 123 Pa. 508; Commonwealth v. Huffman, 1 Addison 140.