## 10998.   Todd v. The State.

Luke, J.   1. At common law and under the Penal Code of 1910, § 34, sexual intercourse with a female child under the age of ten years, whether had with or without her consent, stands upon the same footing as if had forcibly and against her will, a child of that tender age being incapable of giving any consent which the law will recognize. *Stephen* v. *State*, 11 *Ga.* 238 (15). Even if the female be over the age of ten years, the presumption of capacity to consent is rebuttable. *Jones* v. *State*, 106 *Ga.* 365 (1) (34 S. E. 174).

2. By an act passed in 1918, illicit sexual intercourse with a female child under the age of fourteen years, whether had with or without her consent, also stands upon the same footing as if had forcibly and against her will, and shall be punished as prescribed by section 94 of the Penal Code (1910), "unless the jury trying the case shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court." Ga. L. 1918, p. 259. By virtue of that act a female child under the age of fourteen years, though above the age of ten years, is, regardless of her mental and physical development, legally incapable of consenting to illicit sexual intercourse.

3. "It is incumbent upon the legislature to make provision for preserving the good order, peace, and security of society; and when an act passed for that purpose is susceptible of a construction which completely attains it, it is the duty of the courts to give the act that construction, rather than one which would exclude from its operation a portion of the cases essential to its complete aim and object." *Gravett* v. *State*, 74 *Ga.* 191 (1-*a*). And where, as with the act of 1918, supra, the sole purpose of the act is to increase the protection afforded by law to the children of this State, it will not be so construed as to decrease the protection afforded by any prior law.

4. Under the act of 1918, an attempt to have illicit sexual intercourse with a female child under the age of fourteen years constitutes an assault with intent to rape. *Suggs* v. *State*, 24 *Ga. App.* 323 (100 S. E. 778); *Griffin* v. *State*, 26 *Ga.* 496-497.

5. Both rape and assault with intent to rape, as defined by the Penal Code of 1910, § 1062, are felonies which can not be reduced to misdemeanors. But as defined by the act of 1918, supra, even rape, not to mention the attempt, may be either a felony or a misdemeanor, as the jury trying the case shall recommend, the presiding judge having no discretion whatever in the matter, but being mandatorily required to make such recommendation "the judgment and sentence of the court."

6. It was not error, but was entirely proper, for the trial judge to omit to instruct the jury in accordance with the rule applicable only to reducible felonies. While it is the duty of the jury in such a case to fix a punishment "within" the minimum and maximum prescribed by law, yet the use of the word "between" in the place of the word "within," in giving an otherwise correct instruction to the jury, is no

cause for a new trial; especially so where, as in this case, the minimum penalty prescribed by law is one year, and that fixed by the jury is five years, thereby demonstrating the want of any disposition on their part to adopt the minimum term authorized by law.

7. The evidence authorized the verdict, and the record shows no error requiring a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 16, 1920.

Conviction of assault with intent to rape; from Terrell superior court — Judge Worrill. October 4, 1919.

*Yeomans & Wilkinson, W. H. Gurr,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.