## 24684.  FITCHETT v. THE STATE.

MACINTYRE, J.  The evidence for the State warranted the jury in concluding that under pretense of selling a certain electrical washing machine at a greatly reduced price, because he was moving to Florida, the de-

fendant inveigled a woman and her husband to a secluded spot, and knocked the husband temporarily unconscious by striking him from the rear with a stick; that the defendant then seized the woman, stated that he was not moving anywhere and "had planned this for months . . I want some of it," and was forcing the woman into the woods over her protest and resistance, when the husband recovered consciousness and started to the aid of his wife with his pocket-knife, whereupon the defendant released the woman, who fled to her husband and escaped. The substance of the defendant's statement to the jury was that, after inducing him, the defendant, to go to the place where the difficulty occurred, to look at a certain field, the husband without cause demanded a "showdown about you and my wife," and advanced on the defendant with a knife, and the defendant struck in self-defense, and made no attack on the woman. *Held:*

1. The evidence supplied every ingredient of the crime of assault with intent to rape—(1) an assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry into effect this intent with force and against the consent of the female.

2. The court did not err in omitting, without request, "to charge the law of circumstantial evidence with reference to intent," and there is no merit in the contention that this omission "precluded . . the defendant's defense that he had a different intention in making the assault, if there was an assault." The court did not err in overruling the motion for new trial. *Hester* v. *State*, 32 *Ga. App.* 81 (2) (122 S. E. 721).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED NOVEMBER 13, 1935.

*W. A. Dampier, L. F. Watson, C. S. Claxton,* for plaintiff in error.

*J. A. Merritt, solicitor-general,* contra.