SMITH *v.* THE STATE.

JENKINS, Justice. 1. Where one has carnal intercourse with a female under the age of fourteen, proof of force is unnecessary to show rape. Code, § 26-1303; *Wright* v. *State*, 184 *Ga.* 62, 66 (190 S. E. 663); *Echols* v. *State*, 153 *Ga.* 857 (113 S. E. 170); *Holland* v. *State*, 161 *Ga.* 492 (131 S. E. 503). The undisputed testimony showed that the girl was thirteen years old at the time of the alleged intercourse; and her testimony as to such relations with the defendant, although denied in his statement to the jury, was sufficiently corroborated by the testimony of other persons that she became pregnant, that indications of her pregnancy began soon after her alleged relations with the defendant, and that the defendant thereafter went through a marriage ceremony with her, although he was already married.

2. (*a*) An assignment of error on admission of evidence, which fails to state the specific grounds of objection that were then stated to the court, does not present any question for decision. *Justice* v. *Warner*, 178 *Ga.* 579 (4) (173 S. E. 703); *Williams* v. *State*, 186 *Ga.* 251 (4), 259 (197 S. E. 838); *Fluker* v. *State*, 184 *Ga.* 809 (4) (193 S. E. 749). No ground of objection appearing as to the admission of the girl's testimony, in answer to the question, "Do you know whether you have got a tumor in your stomach, or are you pregnant?" that a named doctor "said it wasn't a tumor," this exception does not require consideration.

(*b*) Even if the exception were sufficient, the admission of the testimony could not have been harmful, since the same doctor himself later testified that he "examined" the girl and "found she was pregnant." Furthermore, there was similar testimony from the girl, admitted without objection, that another doctor, who first examined her, said [she] was pregnant," and from her mother that "she was pregnant under [the] examination" of the doctor who first saw her, and "was pregnant seven months under [the] examination" of the other doctor, who testified.

3. For the reasons stated in the preceding paragraph, there is no merit in the remaining exception to the admission of testimony by the mother, that the doctor who first examined the girl "said she was pregnant," over the objection that it was opinion and hearsay evidence, and that this examining doctor was accessible but did not testify.

*Judgment affirmed. All the Justices concur.*

No. 13862. SEPTEMBER 11, 1941.

*M. Davis,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, R. A. Patterson, solicitor-general, Hooper, Hooper & Miller, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.