31450. HORTON *v.* THE STATE.

Decided January 28, 1947.

*E. L. Stephens, E. L. Stephens Jr.,* for plaintiff in error.

*W. W. Larsen, Solicitor-General,* contra.

MacIntyre, J. ■ A conviction of assault with intent to rape will not stand unless the evidence plainly discloses that the assault was made with intent to have sexual connection forcibly and against the will of the female involved. *Dorsey* v. *State,* 108 *Ga.* 477 (1) (34 S. E. 135). Where the female is under the age of consent, it will be presumed that the intercourse, or an intent to engage therein, was forcible and against her will. *Williams* v. *State,* 15 *Ga. App.* 306, 308 (82 S. E. 938). Therefore, the only real question in this case is whether the accused intended to attempt sexual connection. If he did, the crime of rape would have been committed by very slight penetration, and even though the sexual act had not been completed by an emission; but, on the other hand, unless it clearly appears that the intent of the accused was to have sexual intercourse, he could not lawfully be convicted of assault with intent to rape, no matter how aggravated the character of the assault and battery. *Williams* v. *State,* supra. The particular criminal intent here in question, that the defendant intended to have carnal knowledge of the child, must be proved. If the defendant's conduct points to one criminal offense with as great a degree of certainty as another, that which is the least heinous will be presumed to have been intended. This follows logically from the presumption of innocence which the law raises in favor of a person charged with crime. *Dorsey* v. *State,* supra. A fondling of the girl, such as that testified to by the State's witnesses, while both the girl and the defendant were attending a picture show in the daytime and while other persons were in seats near them, would have been a battery and would have been a greater outrage than to touch her in anger, and equally a breach of the peace. *Goodrum* v. *State,* 60 *Ga.* 509, 511. In the instant case, we can not say that the evidence points with a greater degree of certainty to an intention to have carnal knowledge of the child than to an unlawful imposition of his hands upon her in lust.

Notwithstanding the insidious approach and vile tampering with

the person of this young girl, we are of the opinion that the evidence does not show beyond a reasonable doubt that the defendant intended to have carnal knowledge of the child. An indecent assault such as that shown by the evidence in this case, without question, has a tendency to debauch and to undermine the virtue of young girls. The defendant in the instant case has undoubtedly committed an offense against the State and should be punished, but in view of the surrounding circumstances at the time of the act and the absence of evidence of an overt act, beyond that of fondling, which would indicate the intention of the defendant to have carnal knowledge, we can not say that the unlawful imposition of the defendant's hands, under the circumstances disclosed by the evidence, would authorize the conviction of the accused of assault with intent to rape. *Scott* v. *State*, 63 *Ga. App.* 353 (11 S. E. 2d, 64).

■ In the special ground of the motion for new trial, the defendant insists that the failure of the trial court to charge the law of circumstantial evidence was error. There is no merit in this contention. "When the facts from which the inference of guilt or innocence is to be drawn are all established by direct proof, and only the intent with which the alleged criminal act was committed, or the degree of criminality, must be inferred, the trial judge, in the absence of a timely request, is not required to give in charge to the jury the usual rule applicable to circumstantial evidence, to the effect that, if the proved facts are consistent with innocence, the defendant should be acquitted; this for the reason that every one is presumed to intend the natural and legitimate consequences of his acts." *Reddick* v. *State*, 11 *Ga. App.* 150 (3) (74 S. E. 901). Under this ruling, and the facts of the instant case, the failure to charge upon the law of circumstantial evidence, in the absence of a timely and appropriate written request, was not error. *Hester* v. *State*, 32 *Ga. App.* 81 (2) (122 S. E. 721); *Fitchett* v. *State*, 52 *Ga. App.* 87 (2) (182 S. E. 412).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*