## 33827. CUNNINGHAM v. THE STATE.

DECIDED JANUARY 10, 1952.

218

*Hamilton McWhorter, Fred A. Gillen,* for plaintiff in error.
*D. M. Pollock, Solicitor-General, J. T. Sisk,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ▪ The second ground of the amended motion for a new trial contends that the birth certificate was erroneously admitted, it showing the parents of Ethlyn McCannon as colored, whereas the Ethelene McCannon in question was of white parentage. It is contended that a certified copy of a public record cannot be altered by parol evidence. However, Code § 88-1212 expressly provides that a certified copy of a birth certificate shall be prima facie evidence only of the facts therein contained. Such evidence may be rebutted. *O'Kelley* v. *State,* 63 *Ga. App.* 609 (11 S. E. 2d, 718). It was therefore compctent for the State to introduce the birth certificate to prove that the witness was under fourteen years of age, and to further prove by parol evidence that the record contained an error as to the witness's race and that of her parents. The second ground of the amended motion is without merit.

▪ The general grounds are considered in connection with the first special ground, which contends that the verdict is without

evidence to support it since such verdict would necessarily have to be based upon Code §§ 26-1303, 26-1304, providing that it shall be unlawful for any person to have sexual intercourse with any female child under the age of fourteen, but providing that no conviction shall be had on the unsupported testimony of the female in question. The offense of rape is defined in Code § 26-1301 as having carnal knowledge of a female forcibly and against her will. It is not necessary, on a charge of assault with intent to rape, to prove such act by testimony corroborative of the female, since assault with intent to rape is a separate offense in which no such provision is included. This is the rule regardless of whether the female is over or under the age of fourteen. *Wade* v. *State*, 27 *Ga. App.* 650 (109 S. E. 511); *Atkins* v. *State*, 29 *Ga. App.* 255 (115 S. E. 35). It is not therefore necessary to consider the extent of the corroboration of the testimony of the female here.

Further, where one is charged with assault with intent to rape a female under fourteen years of age, it is not necessary that it be shown that the attempt was forcible and against her will, but it is only necessary to show an intent to have carnal knowledge, and that some overt act was done toward the accomplishment of that purpose. *Vickery* v. *State*, 48 *Ga. App.* 851 (174 S. E. 155). The prosecutrix testified in detail as to attempts made by the defendant to have sexual intercourse with her, which included his efforts to pull off her pants and to pull up her dress. She testified in substance that he hugged her, that he entreated her to have sexual intercourse with him; that he pulled off his pants; that he tried to get on top of her; that he got on top of her partially but that she held her legs together; that she tried to fight him off and that she successfully resisted his attempts.

Where the female is over the age of 14 and capable of giving her consent, it is the duty of the jury to determine from the evidence as to the efforts of the defendant to have sexual intercourse with her, whether he is attempting to accomplish his purpose forcibly and against her will, or whether he is attempting to gain her consent. See *Reeves* v. *State*, 78 *Ga. App.* 126, 130 (50 S. E. 2d, 640); *Barton* v. *State*, 58 *Ga. App.* 554 (199 S. E. 357); *Smalls* v. *State*, 6 *Ga. App.* 502 (65 S. E. 295); *Fields* v. *State*, 2 *Ga. App.* 41 (58 S. E. 327). Here, however, the female

220

is under the age of 14 and incapable of giving her consent, for which reason the efforts of the defendant can never be construed as attempts on his part to gain it. See *Todd* v. *State*, 25 *Ga. App.* 411 (4) (103 S. E. 496) ; *Suggs* v. *State*, 24 *Ga. App.* 323 (100 S. E. 778).

The verdict is supported by the evidence, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*