## 25444. SWINK v. THE STATE.

FRANKUM, Justice. John Thomas Swink was convicted of rape without a recommendation of mercy and was sentenced to be electrocuted. He appealed from the denial of his motion for a new trial as amended.

1. By his first enumeration of error the appellant asserts that the court erred in failing to instruct the jury as to their right upon conviction to recommend the defendant to the mercy of the court and as to the effect of such recommendation. The defendant was indicted on February 26, 1968. He was convicted on June 27, 1968. The law concerning punishment for the offense of rape under the facts of this case, at the time the defendant was indicted, tried and convicted was as follows: "The crime of rape shall be punished by death, unless the jury recommends mercy, in which event punishment shall be imprisonment for life: Provided, however, the jury in all cases may fix the punishment by imprisonment and labor in the penitentiary for not less than one year nor more than 20 years." *Code Ann.* § 26-1302. The court did not in instructing the jury inform them of their right, upon conviction, to recommend mercy, but on the contrary instructed the jury with respect to punishment for rape the substance of *Code* § 26-1302 as it existed prior to the amendment thereof by the Act of 1960 (Ga. L. 1960, p. 266). The failure of the court to instruct the jury in accordance with the provisions of *Code* § 26-1302, as amended by the Act aforesaid, so as to authorize the jury to recommend mercy was error requiring the grant of a new trial.

2. In the second enumeration of error complaint is made because the court did not charge the jury "that they could, if they saw fit, recommend that the defendant be punished as

for a misdemeanor and that [such] recommendation would be mandatory on the court. . ." The undisputed evidence discloses that the girl alleged to have been raped was only eight years old and the defendant contends that since she was under the age of fourteen and the indictment so alleged that the court should have instructed the jury that, upon conviction of the accused, they would be authorized to recommend that he be punished as for a misdemeanor if they should so desire. The Act of 1918 (Ga. L. 1918, pp. 259, 260; Code §§ 26-1303, 26-1304) relied upon by the defendant in support of this enumeration of error is not applicable under the unanimous ruling of this court in *Houston v. State,* 186 Ga. 141, 143 (197 SE 118) where this court said, in dealing with the 1918 Act aforesaid: "Formerly, under our law, what is referred to as the age of consent was ten years. *Gosha v. State,* 56 Ga. 36. Carnal knowledge of a child under ten, even though she consented to the act, was rape. *Stephen v. State,* 11 Ga. 225; *Joiner v. State,* 62 Ga. 560. 'Upon the trial of an indictment for rape, it was competent to show that the female upon whom the crime was alleged to have been committed was under ten years of age, though the indictment contained no such allegation.' *McMath v. State,* 55 Ga. 303. As stated by Russell, Chief Justice, in *Holland v. State,* 161 Ga. 492 (131 SE 503), the primary purpose of the Act of 1918, supra, was to raise what is generally called 'the age of consent' to the age of fourteen years; . . . Only children between those ages [10 and 14] are affected by the Act in question. That Act does not apply in the instant case, because here the child was only five years old. Independently of the Act, there is no such thing as a misdemeanor punishment in a rape case." The second enumeration of error is without merit.

3. The State introduced testimony of several young girls to the effect that the defendant on an occasion prior to the commission of the alleged crime had endeavored to get them to get in his truck with him. The defendant contends in his third and fourth enumerations of error that the court erred in not specifically limiting such testimony to the question of identification and in admitting such testimony. The testimony of only one of the girls was objected to and other testimony of substantially the same effect as that objected to was admitted in evidence without objection. Therefore, these

enumerations of error are not meritorious. *Massey v. State,* 220 Ga. 883, 891 (142 SE2d 832); *Clarke v. State,* 221 Ga. 206, 214 (144 SE2d 90).

4. The defendant has expressly abandoned the general grounds of his motion for a new trial and no error has been shown except as stated in the first headnote, and a new trial of the defendant is ordered for the reasons therein stated.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 14, 1969 — DECIDED NOVEMBER 12, 1969.

*O. L. Collins,* for appellant.

*R. William Barton, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.