## 74165. NEESE v. THE STATE.
(360 SE2d 1)

BANKE, Presiding Judge.

The appellant was indicted for statutory rape, child molestation, and three counts of aggravated sodomy. All of the charges involved his minor daughter, who was four years of age when the alleged offenses took place and five years of age at the time of trial. The appellant was tried jointly with his stepfather, who had evidently been separately indicted for the same offenses. The stepfather was found not guilty on all counts, while the appellant was found not guilty of the three aggravated sodomy charges but guilty of statutory rape and child molestation. He contends on appeal that the trial court erred in denying his motion for directed verdict, in refusing to excuse for cause a prospective juror who was an honorary deputy sheriff, and in denying his motion for mistrial after his prior criminal record was revealed to the jury by a state's witness on cross-examination.

The child lived in the custody of her mother, from whom the appellant was divorced, but at the time the events in question took place was spending the weekend at her aunt's house, where the appellant also resided. She testified at trial to the effect that the appellant and his stepfather had each placed his penis in her vagina and in her anus. However, she denied that either defendant had placed his penis in her mouth, as was charged in one of the aggravated sodomy counts of the indictments. While the child stated at trial that no one else had participated in these incidents, the mother revealed on cross-examination by defense counsel that the child had previously accused the appellant's brother, his stepson, and his stepfather's son, as well as her own maternal grandparents (i.e., the witness' parents) of molesting her.

Several days after the child reported the abuse to her mother, the mother reported it to juvenile authorities, who arranged for the child

to be examined by a pediatrician. The pediatrician testified at trial that during the course of the examination the child told her she had experienced repeated sexual contacts over the past few months with two adult males, whose names were withheld by the witness pursuant to instructions from the court. The child reported that each of these men had placed his penis and fingers in her vagina and anus and had rubbed his penis across her chest. The pediatrician testified that although the child was pleasant and cooperative while discussing these incidents, she became hysterical when a genital examination was attempted, screaming, "Don't hurt me" and "I don't want you to touch me," and thereby making it necessary to administer a "hypnotic agent" to her as a sedative in order to complete the examination. Under the influence of the "hypnotic agent," the child gave the doctor exactly the same account of the sexual molestation as she had given previously. The genital examination revealed that the child's vaginal opening was "extremely distensible" and that her hymen was perforated, which conditions the pediatrician described as being consistent with the occurrence of the sexual abuse which the child had described to her.

There was evidence that when the arresting officers arrived at the appellant's house to effect his arrest, he fled into the woods behind the house and had to be coaxed out by his family and friends. Moreover, it was shown that after being informed by the officers that they had a warrant for his arrest, but before being informed of the nature of the charges against him, the appellant exclaimed, "I ain't raped no kid."

After his arrest, the appellant agreed to undergo a polygraph examination, with the stipulation that the results would be admissible as evidence. The polygraph examiner testified at trial that his analysis of the test results indicated that the appellant's negative responses to the questions, "Did you ever put your penis in [the victim's] vagina" and "Did you ever put your penis in [the victim's] mouth?" were deceptive. However, the examiner testified that the appellant's negative response to the question, "Is it true you put your finger in [the victim's] vagina?" was non-deceptive.

In his defense, the appellant offered tape recordings of two interviews which his attorney had arranged with the victim prior to trial. Also present at and participating in the first of these interviews, in addition to the attorney, were the appellant, his wife, and the child's two grandmothers. During the course of these interviews, the child, after much prompting and coaxing, denied that the appellant had "hurt" her and stated that it had instead been her mother and her mother's current husband who had done so. Through his own testimony, supported by that of such witnesses as his co-defendant, his wife, his aunt, and his mother, the appellant additionally attempted

to establish that he had not had the opportunity to commit the offenses. *Held*:

1. The appellant contends that given the child's age, the fact that she had accused several other persons of molesting her, the fact that her in-court testimony was contradicted by the taped interviews, and the evidence that he had not had the opportunity to commit the offenses, the evidence must be considered insufficient to support either of the two convictions. We disagree. The fact that the child had been sexually abused by someone was not in dispute, nor was the child's competency to testify as a witness challenged. Based on the child's testimony, the medical evidence in the case, the statement made by the appellant at the time of his arrest, and the polygraph evidence, we hold that a rational trier of fact could reasonably have concluded beyond a reasonable doubt that he was guilty of statutory rape.

We reject the appellant's contention that the polygraph evidence had no probative value, noting that the case upon which he relies for this proposition, *Famber v. State*, 134 Ga. App. 112 (213 SE2d 525) (1975), was overruled by the Supreme Court ten years ago. See *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977), holding that "upon an express stipulation of the parties that they shall be admissible, the results of a lie detector test shall be admissible as evidence for the jury to attach to them whatever probative value they may find them to have." Id. at 76-77. The appellant's contention that the jury could not have reached its verdict without arbitrarily disregarding such evidence as the tape recorded interviews with the child and the testimony regarding his purported lack of opportunity to commit the crime is also without merit. The jurors were clearly entitled to take into account the possibility that the child had been pressured into making the statements on the tapes and to make their own assessment of the motives and credibility of the witnesses who testified on the lack of opportunity issue. See generally *Bragg v. State*, 175 Ga. App. 640, 642 (334 SE2d 184) (1985); *Bell v. State*, 159 Ga. App. 621 (284 SE2d 639) (1981); OCGA § 24-9-80.

2. While we find the evidence sufficient to support the statutory rape conviction, we reach the opposite conclusion with regard to the child molestation conviction. It was alleged, in Count 2 of the indictment, that the appellant had committed the offense of child molestation by fondling the child's breasts and by placing his finger in her vagina with the intent to arouse and satisfy his sexual desires. We are cited to no evidence whatsoever to indicate that the appellant or anyone else engaged in the former conduct, and the only evidence regarding the latter conduct consisted of the testimony of the pediatrician recounting the child's statements to her regarding what the two unnamed males had done. Because the child did not mention any such

sexual activity at trial, and because the appellant passed the lie detector test on the question of whether he had placed his finger in the child's vagina, we are unable to discern any evidentiary basis for the appellant's conviction of this offense, and we consequently hold that his motion for a directed verdict of acquittal should have been granted as to this count.

3. The trial court did not err in refusing to excuse for cause a prospective juror who had been named an honorary deputy sheriff in another county. It was established without dispute at the hearing on the motion for new trial that the juror was not and never had been employed as a law-enforcement officer but was in the auto parts business. It is further apparent from his testimony that he had never received any training in law enforcement and that he had no actual authority as a law-enforcement officer. Under such circumstances, the prospective juror was clearly not subject to disqualification for cause. Accord *Wilson v. State,* 250 Ga. 630, 635 (4) (a) (300 SE2d 640) (1983). Compare *Hutcheson v. State,* 246 Ga. 13 (268 SE2d 643) (1980).

4. The trial court did not err in refusing to declare a mistrial on the basis of a suggestion made by one of the arresting officers on cross-examination that the appellant had a criminal record. Appellant's counsel had asked the witness, "Is it the normal procedure to handcuff somebody and place them in a vehicle before you explain what he's charged with?" to which the officer had responded, "Known felons, yes sir." The appellant contends that this answer was not responsive because the question called for a simple yes or no. We find this contention to be totally without merit. The officer quite obviously was not able to answer the question with a simple yes or no, and he was entitled to explain himself. *Fields v. State,* 176 Ga. App. 122 (335 SE2d 466) (1985). Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of such answers. *Felker v. State,* 252 Ga. 351 (11), 377 (314 SE2d 621) (1984).

5. Because the record reflects that the appellant received only one sentence (17 years, to serve 12) for both of the two convictions and because we have reversed the child molestation conviction, it follows that the appellant's sentence must be vacated and the case remanded for resentencing.

*Judgment affirmed in part, reversed in part, and vacated and case remanded in part. Carley, J., concurs. Benham, J., concurs fully as to Divisions 1, 2, 3, and 5 and in judgment only as to Division 4.*

DECIDED MAY 4, 1987 — REHEARING DENIED
JUNE 3, 1987 — REHEARING DISMISSED JULY 22, 1987.

*Michael C. Clark*, for appellant.
*Thomas C. Lawler III, District Attorney, Phyllis Miller, Assistant District Attorney*, for appellee.