A96A2125. PEINADO v. THE STATE.

(477 SE2d 408)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with two counts of statutory rape, two counts of aggravated child molestation, two counts of child molestation, and two counts of aggravated sexual battery for acts directed against two female victims, "L. F." and "C. F." aged five and four, respectively, at the time the acts were committed. The evidence, including defendant's custodial confession, revealed that defendant had touched the vagina of each victim with his penis. He penetrated each child with his finger. He had each child rub his penis. Physical examination of L. F. by Richard Wagner, M. D., revealed evidence of abnormal trauma, healing, and scarring of both the hymen and the anus. Although physical examinations of C. F. were completely normal, revealing no injuries, this was, in Dr. Wagner's opinion, consistent with sexual penetration. In his custodial statement, defendant admitted to sexual penetration, "just a little bit inside . . ." of both girls.

The trial court directed a verdict of acquittal with respect to the charge of aggravated child molestation against C. F. (Count 3) and the jury found defendant guilty as charged on all remaining counts. His motion for new trial was denied and this appeal followed. *Held*:

1. In two related enumerations, defendant complains of the admission into evidence of his custodial confession.

(a) Defendant contends in his second enumeration that the trial court erred in conducting its inquiry into the voluntariness of defendant's statement in the presence of the jury, despite defendant's objection. We agree that the trial court so erred but find the error to be

harmless in this instance.

"It is now axiomatic that the defendant has the right to a hearing outside the presence of the jury on the question of the voluntariness of any in-custody statements or confessions that he has made. Jackson v. Denno, 378 U. S. 368 (1964); Schneider v. State, 130 Ga. App. 2 (202 SE2d 238) (1973)." Pierce v. State, 238 Ga. 126 (1), 128 (231 SE2d 744). The Supreme Court of the United States "has never ruled that all voluntariness hearings be held outside the presence of the jury, regardless of the circumstances." Pinto v. Pierce, 389 U. S. 31, 32 (88 SC 192, 19 LE2d 31). But, "it would seem prudent to hold voluntariness hearings outside the presence of the jury." Pinto v. Pierce, 389 U. S. 31, 32, supra. "When a preliminary examination is had as to the force, threats of violence, etc., used to procure a confession from the defendant, the better practice is, and impartial justice demands it, that the jury should retire whilst the admissibility of the evidence is considered by the court." Hall v. State, 65 Ga. 36 (hn. 1).

According to longstanding Georgia procedure, then, an accused has the right to challenge the voluntariness of his custodial statement or confession, outside the presence of the jury.[1] Consequently, the trial court in the case sub judice erred in receiving the State's preliminary foundation as to voluntariness in the presence of the jury, over defendant's objection.

(b) The question becomes whether this error was harmful, requiring a new trial. We treat this issue in conjunction with defendant's related fourth enumeration, challenging the trial court's ruling that defendant's confession was voluntary.

"[I]f at the conclusion of . . . an evidentiary hearing in the state court on the coercion issue, it is determined that [defendant's] confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for [defendant] has already been tried by a jury with the confession placed before it and has been found guilty." Jackson v. Denno, 378 U. S. 368, 391 (IV), 394 (84 SC 1774, 12 LE2d 908).

---

[1] We are aware of equally venerable authority for the proposition that the trial court has a discretion to allow the jury to remain in the courtroom and hear preliminary evidence as to whether a claimed confession of the accused was freely and voluntarily made. Holsenbake v. State, 45 Ga. 43 (hn. 2), applied most recently in Stanford v. State, 201 Ga. 173, 186 (3) (38 SE2d 823). But this is the precise procedure and rationale that was found inadequate in Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593), reversing Sims v. State, 221 Ga. 190, 199 (5) (c) (144 SE2d 103), and remanding for a hearing as provided in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). See also Anno., Propriety and Prejudicial Effect of Presence of Jury During Court's Inquiry into Voluntariness of Accused's Confession — Federal Cases, 19 LE2d 1313, 1316 § 3 [a]. Accordingly, there is considerable doubt whether a trial court retains the discretion to conduct the voluntariness hearing in the presence of the jury deciding guilt or innocence, over a defendant's contemporaneous objection.

In our view, such procedural error as here committed is harmless unless the confession is ultimately found to be involuntary as in *Hall v. State*, 65 Ga. 36 (hn. 2), supra, or else defendant shows that he was refused an opportunity to present evidence of coercion. See *Pinto v. Pierce*, 389 U. S. 31, 32, fn. 2, supra. Consequently, if defendant's confession were voluntary, then there is no harm in the trial court's erroneous refusal to conduct the voluntariness hearing outside the presence of the jury.

(c) In the case sub judice, defendant's confession was determined to be freely and voluntarily given, after defendant had been cautioned of his rights and signed a waiver form. Defendant testified in Spanish, through an interpreter, that he is illiterate in both Spanish and English; that he was questioned without an interpreter; that he denied committing any of the crimes alleged; and that at the insistence of Officer Kiki Campbell, formerly of the Cedartown Police, he agreed to "put an X on certain papers[, . . .] but [he] did not know what they were for." Defendant contends his confession was inadmissible under OCGA § 24-3-50 because it was induced to an impermissible hope of benefit.

The State bears the burden of demonstrating the voluntariness of a confession by a preponderance of the evidence and the trial court's findings of fact and credibility after a *Jackson v. Denno* hearing are to be accepted by a reviewing court unless clearly erroneous. *Bright v. State*, 265 Ga. 265, 278, 280 (5) (c) (455 SE2d 37). The evidence, although conflicting, supports the conclusion that defendant comprehended spoken English and that he understood his rights when he agreed to talk to the investigating officers. Any promise by the officer to assist defendant in getting "help" through counseling does not constitute an impermissible hope of benefit under OCGA § 24-3-50. *Burton v. State*, 212 Ga. App. 100, 101 (2), 102 (441 SE2d 470). "A reward of lighter punishment is generally the 'hope of benefit' to which Code Ann. § 38-411 [now OCGA § 24-3-50] refers. [Cit.] 'For an officer to advise an accused that it is always best to tell the truth will not, without more, render a subsequent confession inadmissible under [this] Code [section].' [Cits.]" *Caffo v. State*, 247 Ga. 751, 755 (3), 757 (279 SE2d 678). Accord *White v. State*, 266 Ga. 134, 135 (3) (465 SE2d 277). But see *Robinson v. State*, 229 Ga. 14 (1), 15 (189 SE2d 53) (Investigating officer's statement " 'everybody asks how cooperative has a suspect been, was this voluntary or did you have to get out and prove it' cannot be said not to hold out a hope of reward by special consideration if the suspect cooperates. . . .") In the case sub judice, the trial court did not err in admitting defendant's custodial confession over his objection as to voluntariness. Consequently, the error in receiving preliminary evidence on voluntariness in the presence of the jury was clearly harmless in this instance.

*Pinto v. Pierce*, 389 U. S. 31, 32, supra.

2. Defendant's third enumeration contends the trial court erred in granting the state's motion in limine to exclude evidence that L. F. and C. F. had been molested by individuals other than defendant. He argues this evidence is relevant to show that someone other than defendant committed the acts alleged and also to impeach the credibility of the victims.

The trial court erred in granting the State's motion in limine, so as to exclude evidence of molestations against the same victims committed within the statute of limitation for the crimes on trial. Evidence of prior molestations is admissible to show that someone other than defendant committed the crimes alleged, and is also relevant to the credibility of the victims in identifying the accused. *Wilson v. State*, 210 Ga. App. 705, 706 (1), 707 (436 SE2d 732), citing *Lemacks v. State*, 207 Ga. App. 160 (427 SE2d 536). In the case sub judice, however, the substance of this evidence was placed before the jury by the testimony of Dr. Wagner, who testified without objection that C. F. identified the actor as "Doggie," at least Dr. Wagner "thought it was Doggie. And [he] spelled it in [his] records as D-O-G-G-I-E. . . ." This victim also differentiated between Papa, i.e., defendant, and Poocha or Poochie.

Moreover, we conclude that the erroneous exclusion of evidence of molestations committed by someone other than defendant was rendered harmless beyond a reasonable doubt by defendant's own confession. " 'The defendant's own confession is probably the most probative and damaging evidence that can be admitted against him. The defendant is the most knowledgeable and unimpeachable source of (any incriminating) information about his past conduct, and one can scarcely imagine evidence more damaging to his defense than his own admission of guilt.' (Citations and punctuation omitted.) *Sawyer v. State*, 217 Ga. App. 406, 407 (1), 408 (457 SE2d 685)." *McKinney v. State*, 218 Ga. App. 633, 635 (3) (463 SE2d 136).

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED OCTOBER 21, 1996 — 

*York, McRae & York, Michael H. York, Robert T. Monroe*, for appellant.

*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.