## S98G0496. THE STATE v. COLLINS.
(508 SE2d 390)

FLETCHER, Presiding Justice.

A jury convicted William Perry Collins of rape, statutory rape, and incest involving a 12-year-old girl. The court of appeals affirmed the convictions of statutory rape and incest, but reversed the rape conviction on the grounds that the state failed to show that the defendant used force.[1] We granted the writ of certiorari to consider whether the element of force may be presumed as a matter of law to obtain a rape conviction when the victim is a minor. Adhering to our decision in *Drake v. State*,[2] we hold that the state must prove the element of force to obtain a conviction for forcible rape of a victim under the age of consent. Therefore, we affirm.

In enacting a new criminal code in 1968, this state adopted the common-law definition of rape.[3] OCGA § 16-6-1 defines the offense of rape as "carnal knowledge of a female forcibly and against her will." The statute itself defines carnal knowledge as "any penetration of the female sex organ by the male sex organ."

Under the influence of the Model Penal Code, this court has judicially interpreted the remaining terms, "forcibly" and "against her

---

[1] *Collins v. State*, 229 Ga. App. 658 (495 SE2d 59) (1997).

[2] 239 Ga. 232 (236 SE2d 748) (1977).

[3] Model Penal Code and Commentaries § 213.1 comment at 277 n.11 (Official Draft and Revised Comments 1980).

will," as two separate elements in rape cases.[4] The term "against her will" means without consent; the term "forcibly" means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation.[5] The fact that a victim is under the age of consent may supply the "against her will" element in a forcible rape case since it shows that the victim is incapable of giving legal consent. The same fact cannot supply the element of force as a matter of law in rape cases based on our decision in *Drake.*

In that case, we reasoned that presuming force from the victim's age in all forcible rape cases would, as a practical matter, eliminate the crime of statutory rape. Instead, we concluded that the element of force was supplied by the nine-year-old child's fear that Drake would beat her or her mother if she resisted.[6]

Since our decision in *Drake,* we have at least three times stated that sexual acts directed against a child are forcible and against the will as a matter of law. In *Cooper v. State,*[7] we held that the state did not have to show that a defendant used physical force against a five-year-old child or the child resisted to prove force in an aggravated sodomy case. In *Richardson v. State,*[8] a case involving incest and sodomy, we concluded that a stepfather's five-year pattern of sexual exploitation against his teenage stepdaughter was forcible, as a matter of law, based on her age and his position of authority in the family. Finally, in *Brown v. State,*[9] we rejected the state's contention that child molestation was not a forcible felony. Quoting our decision in *Cooper,* we stated: "Because children do not have the capacity to give consent to or resist a sexual act directed at them, such acts 'are, in law, forcible and against the will' of a child."[10]

We granted certiorari in this case to determine whether, as a dissenting judge on the court of appeals asserts, our opinion in *Drake* is not "good law" in forcible rape cases because our decisions in *Cooper,* *Brown,* and *Richardson* have negated its holding.[11] Although there are legitimate arguments for reconsidering our decision in *Drake,* we choose to reaffirm its holding that the state must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age.

First, we consider the rationale given in *Drake* still to be persua-

---

[4] *Drake,* 239 Ga. at 233; *Hill v. State,* 246 Ga. 402, 405 (271 SE2d 802) (1980).

[5] *Drake,* 239 Ga. at 233, 234.

[6] Id. at 235-236.

[7] 256 Ga. 631 (352 SE2d 382) (1987).

[8] 256 Ga. 746 (353 SE2d 342) (1987).

[9] 268 Ga. 154 (486 SE2d 178) (1997).

[10] Id. at 155.

[11] See *Collins,* 229 Ga. App. at 662 (Eldridge, J., dissenting in part and concurring in part).

sive. Statutory rape is a strict liability crime based solely on the act of sexual intercourse with an underage victim.[12] As a practical matter, few defendants would be charged with that crime if both force and consent were presumed as a matter of law in forcible rape cases involving victims under the age of consent. Unlike forcible rape, the crimes involved in *Cooper*, *Brown*, and *Richardson* have no strict liability counterpart similar to statutory rape. Therefore, the rationale used in *Drake* would not apply in those cases.

Second, the crime of rape is unlike any other crime. As the drafters of the Model Penal Code explained:

> Rape "is the only form of violent criminal assault in which the physical act accomplished by the offender . . . is an act which may, under other circumstances, be desirable to the victim." This unique feature [requires distinguishing] between true aggression and desired intimacy. The difficulty of drawing this line is compounded by the fact that there often will be no witness to the event other than the participants and that their perceptions may change over time.[13]

Due to these peculiarities, rape cases have too often focused on the actions of the victim rather than the misconduct of the suspect. Unlike other sexual offenses, rape historically has required corroboration,[14] victims have had to show that they physically resisted with all their strength to prove lack of consent,[15] and defendants have presented evidence on the prior sexual conduct of the victims.[16] Fortunately these evidentiary problems have been addressed, thus allowing rape prosecutions to properly concentrate on the acts of sexual violence by the defendant against the victim. Nevertheless, the uniqueness of the crime justifies treating it differently from related sexual offenses.

Third, the quantum of evidence to prove force against a child is

---

[12] See OCGA § 16-6-3.

[13] Model Penal Code § 213.1 comment at 279-280; see also Paul M. Kurtz, Criminal Offenses and Defenses in Georgia 735 (4th ed. 1997) (rape is unusual because it is one of the few sex-specific offenses in the criminal code and one of the few crimes requiring nonconsent as an element).

[14] Compare *Baker v. State*, 245 Ga. 657 (266 SE2d 477) (1980) (noting that legislature had removed corroboration requirement from rape statute) with *Scales v. State*, 171 Ga. App. 924 (321 SE2d 764) (1984) (corroboration not required for conviction of incest, sodomy, and child molestation; see also OCGA § 16-6-3 (conviction for crime of statutory rape still requires corroboration).

[15] See *Curtis v. State*, 236 Ga. 362 (223 SE2d 721) (1976) (disapproving of language in earlier cases rejecting passive resistance and requiring victim to physically resist with all her power and strength).

[16] See OCGA § 24-2-3 (dealing with admissibility of evidence relating to the past sexual behavior of the complaining witness in a rape case).

minimal, despite the dissent's argument. Physical force is not required. "Intimidation may substitute for force."[17] The element of force is shown "if the defendant's words or acts were sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to herself or others."[18] Thus, the state proved force in *Drake* through the nine-year-old victim's testimony that she was afraid that her father would beat her or her mother if she refused his orders.[19] In other cases, force has been shown by testimony that the defendant refused to take the victim home or release her,[20] the defendant threatened to spank the victim if she told,[21] and the defendant threatened to put the victim and her mother on the streets.[22]

Finally, establishing a single rule of law in all forcible rape cases involving underage victims is problematic. If we were to presume that force is shown every time the victim is below the legal age of consent, the same rule would apply to the child entering kindergarten and the sexually active high school student. This single treatment not only ignores the wide variety of factual situations in rape cases, but also runs counter to the trend in the criminal law to create "meaningful grading distinctions among the different forms of the offense."[23]

Yet, this case points out a troubling conflict between the way state law deals with forcible rape and other sexual offenses. At common law, rape included consensual relations with a girl under ten years of age.[24] "They are plainly incapable of giving any kind of meaningful consent to intercourse and manifestly inappropriate objects of sexual gratification."[25] As the legal age of consent has increased, however, it has become necessary in rape cases to distinguish between different categories of underage girls. For that reason, this Court in *Drake* abandoned the presumption that a rape was forcible based solely on the fact that a victim was under the age of consent.

---

[17] *Curtis*, 236 Ga. at 362.

[18] Kurtz, supra, note 13 at 736; see id. at 363.

[19] *Drake*, 239 Ga. at 235-236; see also *Calloway v. State*, 199 Ga. App. 272 (404 SE2d 811) (1991) (showing force based on victim's fear due to defendant's "fights and fusses" with victim's mother).

[20] See *Raines v. State*, 191 Ga. App. 743, 744 (382 SE2d 738) (1989); *Williamson v. State*, 186 Ga. App. 589, 590 (367 SE2d 863) (1988).

[21] See *Johnson v. State*, 216 Ga. App. 858, 860 (456 SE2d 251) (1995).

[22] See *Gibbins v. State*, 229 Ga. App. 896, 898 (495 SE2d 46) (1997).

[23] Model Penal Code § 213.1 comment at 279; see, e.g., OCGA § 16-6-3 (providing for three different punishments in statutory rape cases based on the ages of the defendant and victim).

[24] Model Penal Code § 213.1 comment at 323.

[25] Id. at 327.

The Model Penal Code presents a solution to this inconsistency when the victim is a young child, which we urge the General Assembly to consider. In its definition of rape, the code provides that a man is guilty of rape if "the female is less than 10 years old."[26] Enacting this additional definition of forcible rape in Georgia would reestablish our common-law rule and the common-sense principle that sexual intercourse with a child under ten years of age is a forcible act constituting rape as a matter of law.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who dissents.*

HINES, Justice, concurring.

I write separately to explain my decision to join in the majority opinion. While I agree with the dissent that *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977), represents a substantial departure from prior precedent, legislative changes to OCGA § 16-6-3, the statutory rape statute, require that we adhere to the reasoning in *Drake*.

The legislature has provided gradients of punishment for statutory rape according to the age of the perpetrator. When the person so convicted is twenty-one years of age or older, the person is to be punished by imprisonment for not less than ten nor more than twenty years. When the person is twenty years old or less the sentence may be as little as one year. Further, if the statutory rape victim is fourteen or fifteen years of age and the person convicted is no more than three years older than the victim, then the person will be guilty of only a misdemeanor. OCGA § 16-6-3 (b). Although the dissent would leave the decision of whether to prosecute for rape or statutory rape to the prosecutor, I believe the sentencing differentials make clear a legislative intent that the crime be treated as statutory rape when force is not present. It would be anomalous and a circumvention of express legislative intent to allow the State to obtain conviction and the consequent minimum ten-year punishment prescribed for forcible rape for the conduct of sexual intercourse between teenagers when the legislature has determined that conduct to be misdemeanor in nature.

Moreover, unlike forcible rape, statutory rape is gender neutral. Therefore, presuming force as a matter of law based on the victim's age could result in disparate treatment dependent on the gender of the perpetrator. A young male statutory rapist of a 14 or 15-year-old victim could be convicted and alternatively sentenced for forcible rape while a young female statutory rapist of a similarly-aged victim could be punished only for a misdemeanor.

---

[26] See Model Penal Code § 213.1 (1) (d).

To require a factual showing of force in the circumstances of the case at bar is not inconsistent with our determinations in *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987), *Richardson v. State*, 256 Ga. 746 (353 SE2d 342) (1987), and *Brown v. State*, 268 Ga. 154 (486 SE2d 178) (1997). These cases did not involve simultaneous prosecutions for statutory rape and forcible rape, and in *Brown*, which I authored, child molestation was deemed to be a forcible felony for the purpose of allowing the defendant to present a justification defense under OCGA § 16-3-21 (a).

HUNSTEIN, Justice, dissenting.

The majority has chosen to follow the holding in *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977). I do not believe *Drake* constitutes sound law for the reasons set forth herein and would reject it to hold instead that as a matter of law, sexual intercourse with a female under the age of 16 is both forcible and against the victim's will. Accordingly, I must dissent to the majority's opinion.

The first reason why I would reject *Drake* is because it represents an unjustifiable and unsupported break with Georgia case law precedent. To convict a male of rape, the State must prove three essential elements: that the defendant had (1) carnal knowledge of a female (2) forcibly and (3) against her will. OCGA § 16-6-1. "[T]he presumption of the law is that a female under [the statutory] age will not voluntarily consent to fornication; and this presumption supplies the force essential to the commission of the crime of rape. [Cits.]" *Wright v. State*, 184 Ga. 62, 66 (4) (190 SE 663) (1937).[27] This presumption, derived from the common law, was expressly retained by the appellate courts after the enactment of the statutory rape statute in 1918 on the basis that where "the sole purpose of the [1918 Act] is to increase the protection afforded by law to the children of this State, it will not be so construed as to decrease the protection afforded by any prior law." *Todd v. State*, 25 Ga. App. 411 (3) (103 SE 496) (1920). Although *Drake* attempted to dismiss this presumption by stating that "very old cases blended concepts of nonconsent and force," id. at 233, citing only one 1876 case, even a cursory examination of Georgia law reveals the truth: the presumption that sexual intercourse with an underage girl was both forcible and against her will as a matter of law was a controlling principle of law which, since the enactment of the statutory rape statute in 1918, had been

---

[27] "The presumption that the inexperienced child yielded because of her mental immaturity and her inability to fathom the consequences of her act are held, as to him who takes advantage of her childishness, the equivalent of even the great degree of force that might be necessary to overcome the resistance of a grown woman to whom the act may be totally and absolutely noisome and repugnant to the fullest extent." *Holland v. State*, 161 Ga. 492, 494 (131 SE 503) (1926).

evoked, applied and referenced by appellate opinions rendered in every decade prior to *Drake*'s contrary holding.[28] Citing only a general treatise on criminal law and one 1977 Georgia opinion which *Drake* erroneously considered to have "heralded" its position, id. at 235 (1),[29] *Drake* rejects a principle established over 120 years in Georgia law and held that while the presumption of lack of consent would be retained, force could no longer be presumed, but must be proven in every rape case regardless of the age of the victim. It thus appears that *Drake* has no support in prior case law for rejecting the presumption of force.[30]

This break with well-established precedent was deemed necessary in order for the *Drake* court to create a judicial distinction between rape and statutory rape, OCGA § 16-6-3, which makes it a crime to engage in sexual intercourse with a person under the age of 16 years who is not the offender's spouse.[31] Likewise, it was deemed

---

[28] See, e.g., *Echols v. State*, 153 Ga. 857 (1) (113 SE 170) (1922); *Holland*, supra, 161 Ga. at 493-494 (1926); *Wright*, supra, 184 Ga. at 66 (4) (1937); *Houston v. State*, 186 Ga. 141 (1) (197 SE 118) (1938); *Smith v. State*, 192 Ga. 713 (1) (16 SE2d 543) (1941); *McFall v. State*, 235 Ga. 105 (2) (218 SE2d 839) (1975); *Todd*, supra, 25 Ga. App. at 411 (2) (1920); *Ollis v. State*, 44 Ga. App. 793 (1) (163 SE 309) (1932); *Vickery v. State*, 48 Ga. App. 851 (1) (174 SE 155) (1934); *Harrison v. State*, 71 Ga. App. 369 (2) (31 SE2d 119) (1944); *Horton v. State*, 74 Ga. App. 723 (1) (41 SE2d 278) (1947); *Green v. State*, 82 Ga. App. 402 (1) (61 SE2d 291) (1950); *Cunningham v. State*, 85 Ga. App. 216 (2) (68 SE2d 614) (1952); *Burge v. State*, 103 Ga. App. 682 (1) (120 SE2d 200) (1961) (sodomy conviction).

[29] *Robinson v. State*, 232 Ga. 123 (205 SE2d 210) (1974), involved a situation where the defendant was charged only with rape, not statutory rape. Although the jury had only the options of finding the defendant guilty or not guilty of rape (or not guilty by reason of insanity), the trial court charged the jury extensively on statutory rape and informed them they could find the defendant "guilty" if they found he had engaged in sexual intercourse with the victim, that she was under 14 years, and that she was not his spouse. It does not appear from the opinion that the jury was given *any* charge about force or even the presumption of lack of consent and force which arises from the age of the victim. The absence of such a charge explains the crucial language set forth in *Robinson*, and taken out of context by *Drake*, in which *Robinson* held it was error for the jury to be instructed it could find the defendant guilty of rape "without being required to find that force was used." Id. at 128 (4). Only by stretching the language of *Robinson* could the court in *Drake* assert that there existed one Georgia case "consistent" with its anomalous holding.

[30] The truly ironic aspect of *Drake*'s holding, however, is the fact that its rejection of prior case law was totally unnecessary. Eight years before *Drake*, the Court reiterated the position that the purpose of the statutory rape statute (1918 Act) was to raise the age of consent to 14 and that "[o]nly children between those ages (10 and 14) are affected by the Act in question. That Act does not apply in the instant case, because here the child was only five years old." *Swink v. State*, 225 Ga. 717, 718 (2) (171 SE2d 304) (1969). See also *Houston*, supra, 186 Ga. at 144. The victim in *Drake* was nine years old: under the holding in *Swink*, the statutory rape statute did not apply to sexual intercourse with this victim.

[31] The Legislature set the age for statutory rape at 16 in 1995. Ga. L. 1995, p. 957, § 3. From 1918 to 1995, the age was set at 14. Ga. L. 1918, p. 259, § 1. Before 1918, the age was set at 10 by common law. *Todd*, supra, 25 Ga. App. at 411 (1). See also Penal Code of 1910, § 34; *Morrow v. State*, 13 Ga. App. 189, 199-200 (79 SE 63) (1913). The enactment of the Georgia Criminal Code of 1968 made no substantive change in the elements of statutory rape. Ga. L. 1968, p. 715, § 1; *McFall*, supra, 235 Ga. at 107.

necessary to break with well-established law that a defendant commits rape when he has sexual intercourse with a victim who is physically or mentally incapable of giving consent, with the element of force being supplied by the effort required to penetrate the victim's sex organ. See, e.g., *Whitaker v. State*, 199 Ga. 344 (1) (34 SE2d 499) (1945); *Gore v. State*, 119 Ga. 418 (46 SE 671) (1904). Because application of this presumption of "constructive force" in regard to a victim incapable of giving consent would likewise obliterate the judicial distinction *Drake* was drawing between rape and statutory rape (since underage victims are presumed by law to be incapable of giving consent), *Drake* was forced to hold that this principle applies solely to helpless adult victims, and not children. Id. at 234 ("[i]t is true that sometimes mere lack of consent imputes force, but this is true only where children are not involved"). *Drake* affords more protection to helpless adults than to children.

This gives rise to the next reasons why I would reject *Drake*. The break *Drake* created with established precedent renders its holding unsound because it thwarts the Legislature's acknowledged goal of protecting the children of this State and because it creates a judicial distinction between rape and statutory rape that is not consistent with the legislative intent behind the enactment of the statutory rape statute. I turn first to *Drake*'s failure to protect children, a problem that is so critical that it troubles the majority itself. The problem is simply stated: *Drake* requires the State to prove that the defendant used force even when the victim is under ten years of age (implicitly rejecting case law to the contrary, see footnote 30, supra) and expressly refuses to include infants, toddlers and young children among those helpless victims against whom the use of force to accomplish sexual intercourse is presumed. Since *Drake* also limits the principle of "constructive force," i.e., the force necessary to accomplish penetration, only to those helpless victims who are adults, id. at 234-235, when the helpless victim is a child *Drake* requires the State to adduce evidence to show that the defendant used some type of force *other than* the penetration into the child's sex organ in order to prove this essential element. In situations where the victim is a child too young to comprehend or articulate the events which led to the rape, the State faces an evidentiary standard that can be insurmountable in order to satisfy *Drake*'s requirement that force be proved by evidence other than the force used for the penetration itself. *Drake*'s requirement also confounds the State in those cases where the young victim has been rendered psychologically incapable of dissenting to intercourse as a result of her prior sexual abuse by a third party. In practical terms, it will be extremely difficult for the State to obtain rape convictions for males who assault very young or very abused children. Rather than construing the law in a manner

that would give effect to the intent of the Legislature "to increase the protection afforded by law to the children of this State," *Todd*, supra, 25 Ga. App. at 411 (3), *Drake* construes the law to decrease that protection. The holding in *Drake* is thus contrary to the purpose of the Legislature.

Next, *Drake* is contrary to the legislative intent behind the enactment of the statutory rape statute. *Drake* justifies its holding on the basis that it was necessary in order to distinguish rape from statutory rape. While *Drake* does indeed manufacture a judicial distinction between those two offenses, the problem is that *Drake*'s distinction runs contrary to statutory construction principles and furthermore creates a distinction other than the one intended by the Legislature. The holding in *Drake* is based on the rationale that the distinction between rape and statutory rape is eliminated if the presumption of both force and lack of consent is applied and that only by severing the "forcible" element from the "against her will" presumption can a proper distinction be maintained. *Drake* violates established statutory construction principles by assuming that the Legislature, when it enacted the statutory rape statute in 1918, acted *without* the knowledge that Georgia case law had for 120 years recognized the presumption of force and lack of consent with underage victims. See *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1 (3) (178 SE2d 868) (1970) (all statutes presumed to be enacted with full knowledge of existing law, including case law). Based on this improperly-assumed legislative ignorance, *Drake* then rejects prior case law to differentiate rape from statutory rape on the basis of force. But *Drake* was only attempting to resolve a conceptual conflict that created no actual confusion in the law. Consider the law without *Drake*: a male who has sexual intercourse with an underage female knows in every instance that he is committing rape. If there is evidence that the female possessed the ability to give meaningful consent and consented willingly, then it is within the discretion of the prosecutor to charge the male with statutory rape, but the law is clear that consent or no consent, sex with an underage female is rape. See, e.g., *Wright*, supra, 184 Ga. at 66 (4). There is no conflict between rape and statutory rape because the Legislature created a distinction which this Court has expressly and repeatedly recognized: the statutory rape statute "was intended to apply only to cases where the act of intercourse is accomplished with the actual consent or acquiescence of the female, and is to be treated as rape merely because the female is under the age of consent as therein fixed. [Cits.]" Id. at 67. See also *Strickland v. State*, 207 Ga. 284 (1) (61 SE2d 118) (1950); *Swink v. State*, 225 Ga. 717, 718 (2) (171 SE2d 304) (1969); *Houston*, supra, 186 Ga. at 143; *Griffith v. State*, 176 Ga. 547 (1) (168 SE 235) (1933). Although *Drake* itself notes that "statutory rape is not really 'rape' at

all" since "[s]tatutory rape is merely an act of sexual intercourse with a forbidden partner — a female under [16], not the offender's spouse," id. at 233, it fails to recognize the significance of that statement.

There is another related but equally unpersuasive argument made in support of *Drake*: the idea is that because statutory rape, unlike rape, still requires evidence of corroboration, *Drake*'s holding that the State must adduce evidence of force has the beneficial effect of discouraging the State from indicting a defendant on the "easier-to-prove" rape charge. Quite aside from the insulting assumption on which this argument is based, the actual and detrimental effect of *Drake* is that the State will have no choice but to indict a child rapist for statutory rape rather than forcible rape in those instances when proof of force can only be provided by testimony by the victim and the rapist's victim is an infant or an inarticulate toddler or in situations where force cannot be established because the child victim had been so psychologically damaged by prior abuse that she passively submitted to the sex act. This condemnation of *Drake* is not based on some exercise in hypothetical reasoning but rather on the actual status of criminal law in Georgia today: only the holding in *Drake* can explain the numerous "statutory" rape convictions received by defendants who had sexual intercourse with children under the age of ten. See, e.g., *Peinado v. State*, 223 Ga. App. 271 (477 SE2d 408) (1996) (victims were four and five years old); *Walker v. State*, 214 Ga. App. 777 (449 SE2d 322) (1994) (victim was six); *Gordon v. State*, 210 Ga. App. 224 (435 SE2d 742) (1993) (victim was seven); *Dupree v. State*, 206 Ga. App. 4 (424 SE2d 316) (1992) (victim was eight); *Andrews v. State*, 200 Ga. App. 47 (406 SE2d 801) (1991) (victim was five); *Neese v. State*, 183 Ga. App. 773 (360 SE2d 1) (1987) (victim was four).

It is true that *Drake* has been on the books since 1977 and the Legislature has taken no action in regard to its holding. However, given that this very Court has ignored *Drake*'s holding, it is not surprising that the Legislature has felt no particular need to correct the error that case represents. Less than ten years after *Drake* was rendered, this Court began issuing opinions recognizing that lack of consent *and* force are presumed when sexual acts are committed on underage victims. See *Richardson v. State*, 256 Ga. 746 (2) (353 SE2d 342) (1987) (upholding conviction for incest and sodomy on basis that sexual acts directed at children "are, in law, forcible and against the will" of the child); *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987) (stating same principle in case upholding conviction for aggravated sodomy); *Brown v. State*, 268 Ga. 154, 155 (486 SE2d 178) (1997) (stating same principle in case holding that child molestation is a forcible felony for purposes of OCGA § 16-3-21 (a)). I would reject the holding in *Drake* because this Court has already abandoned its ratio-

nale, a conclusion most obvious in *Cooper*, a case involving the commission of aggravated sodomy on a five-year-old girl. Like rape, aggravated sodomy requires proof that the sex act was forcible and against the victim's will. OCGA § 16-6-2 (a). In *Cooper* we discussed *Drake* and noted that the element of force had been established by the evidence therein. However, in the division discussing the applicable law, the Court cited *Drake* for the proposition that an underage child cannot consent to any sexual act and in the following sentence explicitly stated that "[s]exual acts directed to [a five-year-old] child are, in law, forcible and against the will. [Cit.]" *Cooper*, supra at 631 (2). Although *Cooper* did not expressly overrule *Drake*, it expressly rejected *Drake*'s holding by recognizing that the law presumes the existence of force in cases where sexual acts are committed on children.

Contrary to the majority's statement, *Cooper* cannot be distinguished on the basis that it has "no strict liability counterpart." OCGA § 16-6-4 (c), aggravated child molestation, is that strict liability counterpart, and stands in the same position to aggravated sodomy that statutory rape occupies as to rape. Child molestation involves any child under the age of 16 years, id. at (a), and aggravated child molestation is committed when "[a] person commits the offense of child molestation which act . . . involves an act of sodomy." Id. at (c). Just as with statutory rape, the act of aggravated child molestation may be "merely an act of [sodomy] with a forbidden partner — a [child] under the age of [16]." *Drake*, supra at 233. Nor can aggravated child molestation be distinguished from statutory rape because of the "additional" element that the sexual acts prohibited by the child molestation statute be committed "with the intent to arouse or satisfy the sexual desires of either the child or the person [committing the acts]," OCGA § 16-6-4 (a), since the arousal or satisfaction of sexual desires is equally inherent in the commission of the act of sexual intercourse that constitutes an essential element of statutory rape. Just as the elements of force and lack of consent serve to distinguish rape from statutory rape, those same two elements can serve to distinguish aggravated sodomy from aggravated child molestation.

The error committed by the Court in *Drake* can be explained very simply: *Drake*'s reasoning was so focused on resolving a clever argument raised by the defendant that the Court failed to question the validity of the premise behind that argument. Without looking to the case law or the legislative intent, *Drake* accepted the presumption that the "against her will" element is "automatically shown by [the victim's] age," id. at 233, yet without due consideration deviated from established law by rejecting the force element this irrebuttable presumption supplies due to the closely intertwined nature of these

two elements.[32] If age alone can irrebuttably establish that sexual intercourse is "against the will" of every underage victim, a class of victim which now includes teenagers up to the age of 16, how can that presumption not also establish irrebuttably that force was used in order to engage in that sexual intercourse, given that the most vulnerable of all victims, infants and toddlers, are likewise encompassed within that same classification? A victim deemed by the Legislature to be too young to consent to sexual intercourse is necessarily a victim so young that force is required in order to commit the sex act. The concepts are inseparable and consistency requires either that both elements together be presumed from the age of the victim or that both elements be proven by other evidence in addition to the victim's age: the idea of severing the two elements from each other was clever lawyering, but poor law. The argument raised in *Drake* was flawed from its inception and the Court would have better served the law and the children of Georgia by rejecting it outright.

*Drake* does not constitute sound law because of its dire evidentiary problems, its unsupported rejection of established Georgia precedent, its fallacious reasoning, its construction of statutory law contrary to the Legislature's intent, and its abandonment in subsequent opinions of this Court. Most importantly, *Drake* does not constitute sound law because it hurts children rather than protects them. In short, there is no valid reason for following *Drake* and every reason to reject it. Accordingly, I cannot join the majority's opinion which adheres to and perpetuates the errors in *Drake*. Because I would hold that sexual acts directed to a child under the age of 16 are, in law, forcible and against the victim's will, *Cooper*, supra at 631 (2), and because the evidence adduced by the State established that Collins' stepdaughter was 12 years old at the time he engaged in sexual intercourse with her, I would reverse the Court of Appeals and affirm the judgment entered on Collins' rape conviction.

DECIDED OCTOBER 26, 1998.

*J. Thomas Morgan, District Attorney, Lee A. Mangone, Robert M. Coker, Assistant District Attorneys,* for appellant.
*Kendal D. Silas,* for appellee.

---

[32] From the victim's perspective, where it is against her will to engage in sexual intercourse, the act occurs necessarily by force; from the perpetrator's perspective, where force must be used to engage in sexual intercourse, the act is necessarily against the will of the victim.